Delmer G. OSBORN and Frances A. OSBORN *v.* Johnnie P. WILSON and Eunice L. WILSON

CA 83-264                                    669 S.W.2d 481

Court of Appeals of Arkansas
Division I
Opinion delivered May 16, 1984

*Bill F. Doshier,* and *Dan R. Bowers,* for appellant.

*Smith & Kelly,* by: *Kenneth R. Smith,* for appellee.

GEORGE K. CRACRAFT, Judge. Appellants bring this appeal from an April 23, 1983 order of the chancery court extending the time for filing the record on appeal contending that the trial court erred in ordering the extension at a hearing conducted on less than ten days' notice to them. We do not agree that the trial court must require ten days' notice or that the appellants were entitled to receive more than "reasonable" notice of the hearing.

The decree appealed from was entered on December 31, 1982. On January 25, 1983 the appellees filed a timely notice of appeal and ordered a transcript of the evidence. On April 14th the appellees filed a petition for an extension of time in which to file the transcript on appeal and gave appellants notice that the application for the order would be presented to the court on April 20, 1983. A copy of the notice was received by appellants' counsel on April 15th. On April 19th the appellants filed a motion in opposition to the petition for an extension asserting that the court should conduct no hearing on that motion until "after sufficient time has elapsed from the filing of the petition to give the defendants sufficient time to prepare their defense to the petition."

On April 20th the hearing on the petition for an extension was reset for April 23rd at which time the appellants again objected to a hearing before the expiration of the time for filing a response, which he contended was ten days as provided in ARCP Rule 6(c). Counsel candidly admitted that he could have easily responded to the motion within the eight days between the date he received notice and the date of hearing but that his duty to his client required that he rely on any technicality which might cause the time for perfecting the appeal to expire before the hearing was held.

The court reporter testified that the term of the chancellor hearing the case had expired on December 31, 1982 and at that time he had had a number of cases under

submission. She stated that a number of those cases were finally decided and decrees and orders entered during the last few days of his term. Five of those orders were appealed from and those transcripts would all be due at the same time. She stated that the trial of this case lasted five days, that the transcript would consist of over 1700 pages and that it was impossible for her to complete the transcript without an extension of time.

In granting the extension the chancellor made the following findings:

1. That the appellants' application for an extension of time was timely filed; that notice was given to opposing counsel and that all requirements of the rules have been met.

2. That due to the heavy workload of the court reporter and the number of transcripts she is presently working on and the size of this transcript, it is impossible for her to complete the transcript of the testimony in time for the record to be prepared and filed, and that she needs the maximum time of seven months in which to prepare the transcript of the testimony in this matter.

Ark. R. App. P. Rule 5(b) governs the granting of extensions of time in which to file a transcript on appeal. It provides that in those cases where a trial is stenographically reported, on a finding that the transcript has been ordered by the appellant and the further finding that an extension is necessary for the inclusion in the record of evidence stenographically reported, the court may extend the time for filing the record on appeal for a period not to exceed seven months from the date of entry of the judgment. It further provides that counsel seeking an extension shall give the opposing counsel notice of the application for an extension of time.

The appellants contend further that the courts have not declared the meaning of the word "notice" in Ark. R. App. P. 5(b) and that it should therefore require ten days' notice as

set forth in ARCP Rule 6(c). Although Ark. R. App. P. Rule 5(b) states no specific time requirement as to notice, the history of the notice requirements on petitions for extension as set forth in *Gallman* v. *Carnes*, 254 Ark. 155, 492 S.W.2d 255 (1973) and the court's pronouncements in that case make it clear that the only requirement is for "reasonable notice" within the discretion of the trial court.

As recited in *Gallman*, Ark. Stat. Ann. § 27-2127.1 (Repl. 1962) as originally enacted provided that the court in its discretion might grant an extension of time "with or without notice to opposing counsel and without specifying a reasons for the request if granted within a period previously allowed." In order to reduce the delay in the appellate process the legislature by Act 206 of 1971 added an additional condition to the granting of extensions by providing that they could be granted only on a showing that the appellant had ordered the transcript of the steno-graphically reported evidence. In *Gallman* the court construed those conditions to require that a hearing be held and in announcing its attitude toward the hardships which rigid enforcement might impose stated:

> Nevertheless, to avoid unnecessary hardship to liti-gants who are not themselves at fault, we think it best to allow a short period of grace before the provisions of Act 206 will be routinely applied. Moreover, we think it desirable that applications for extensions of time be considered by trial courts only after *reasonable notice* to other attorneys in the case. We are therefore adopting today by per curiam order a rule implementing § 27-2127.1 as amended.

Appended to *Gallman* was a per curiam order adopting former Ark. Sup. Ct. R. 26(A) which provided that a trial court might extend the time allowed for the docketing of an appeal if it found that the extension was related to the inclusions of stenographically reported evidence and en-tered the order of extension before the expiration of the period originally prescribed. It concluded that counsel seeking such an extension of time shall give opposing counsel notice of the application for an extension of time.

Although Ark. Sup. Ct. R. 26(A) stated no fixed period of notice it is clear from the *Gallman* decision that only reasonable notice was required. Effective July 1, 1979, Ark. Sup. Ct. R. 26(A) was superseded by present Ark. R. App. P. 5(b). See Reporter's Notes to Ark. R. App. P. 5.

Appellants argue that ARCP Rule 6(c) superseded Ark. R. App. P. 5(b). However, ARCP Rule 81 provides that the rules of civil procedure apply to "civil proceedings in chancery, circuit and probate courts." Ark. R. App. P. 1 provides that those rules govern the procedure on appeals to the Arkansas Supreme Court and Court of Appeals. Former Ark. Sup. Ct. R. 26(A) was deemed superseded by Ark. R. App. P. 5(b) in the same per curiam order in which the rules of civil procedure were deemed to have superseded prior law applicable to civil proceedings in the trial courts.

While we do not agree with counsel that Rule 6(c) has any applicability to appellate procedure, we point out that even that rule does not require that ten days' notice be given in every case. It provides only that ten days' notice be given for the hearing, unless a different period is fixed by these rules or by an *order of the court*.

We find no error and affirm.

CORBIN and COOPER, JJ., agree.