Regina Padgett OSBURN, *et al. v.* ARKANSAS
DEPARTMENT of HUMAN SERVICES

99-1296                                                     8 S.W.3d 533

Supreme Court of Arkansas
Opinion delivered January 20, 2000

*Appellants,* pro se.

*Kathy L. Hall,* for appellee.

PER CURIAM. This case involves a dependency–neglect and termination-of-parental-rights action brought by the Department of Human Services (DHS); the case involves three minor children, Brandon Lee Padgett, Anthony Dennis Padgett, and Alexander William Padgett. Regina and Phillip Osburn, William Padgett, and Irving Moreno were respectively named in this proceeding as mother, father or putative fathers; Charles and Angela Young were allowed to intervene pro se as grandparents. A considerable number of pleadings, reports, and hearings have taken place, since the initial petition for dependency-neglect was filed on January 8, 1998. An order was eventually entered terminating parental rights and granting DHS the power to consent to adoption on August 2, 1999. The August 2 order set out the trial court's reasons and findings for terminating the parents' parental rights. The order further held that the Youngs, as grandparents, should have no further contact with the children. The trial court retained jurisdiction

for a hearing on the termination of parental rights of Irving Moreno and Anthony Padgett, which was scheduled to be heard on August 26, 1999. The partial record fails to reveal what action, if any, was taken in connection with the hearing.

■ The Youngs appear to have filed a notice on August 2, 1999, of their "intent to appeal." They also filed a notice of appeal on August 20, 1999. Neither notice designated what order the Youngs appealed; presumably, their appeal is from the August 2 order. The Osburns appealed from the August 2, 1999 order, but later asked the trial court to dismiss the appeal, which the trial court did on October 12, 1999. The Youngs continued to pursue their appeal by filing a partial record with this court's clerk and asked to proceed in forma pauperis and to be appointed counsel. We granted their in forma pauperis request on November 19, 1999. However, we decline to appoint counsel for the Youngs, since we are unaware of any law that provides they are entitled to appointment of counsel.

■ In addition, upon review of the partial record provided us, it is not entirely clear that the August 2, 1999, order from which they appeal is a final order that discharges all parties. As previously mentioned above, the trial court retained jurisdiction on the termination of parental rights as to Irving Moreno and Anthony Padgett on August 26, 1999, but we find nothing in the partial record where that matter has been concluded. For this reason, we direct the Youngs and DHS's counsel, who has made her appearance in the appellate proceeding, to show whether a final order was entered in this case and a timely notice of appeal was filed. Also, from our review, it does not appear that the record has been timely filed with the clerk in this court in accordance with Rule 5 of the Arkansas Rules of Appellate Procedure—Civil, nor is it clear any extension was requested and received as is provided under Rule 5.

The Youngs will have fifteen days from the date of this per curiam to provide a brief on the jurisdiction issues; DHS's counsel will have fifteen days in which to respond. If this court is shown to have no jurisdiction, the Youngs' appeal must be dismissed.