JAMES W. GALLMAN *v.* CHARLES N. CARNES ET AL

73-28                                      492 S.W. 2d 255

Opinion delivered April 2, 1973

*Watson & Carter,* for appellant.

*Putman, Davis & Basset, Cockrill, Laser, McGehee, Sharpe & Boswell* and *Phillip Carroll,* for appellees.

GEORGE ROSE SMITH, Justice. The appellees have filed a motion to dismiss this appeal, on the ground that the case was not docketed in this court within the time allowed by Act 206 of 1971; Ark. Stat. Ann. § 27-2127.1 (Supp. 1971). Since the motion raises a procedural point of interest and importance to lawyers and litigants alike, we are disposing of the motion by a written opinion rather than by a mere per curiam order.

Act 206 amended Act 555 of 1953, which had been in effect for 18 years and was familiar to the bench and bar. Section 20 of Act 555, Ark. Stat. Ann. § 27-2127.1 (Repl. 1962), provided that the trial court, "in its discretion and with or without motion or notice," might extend the time for docketing an appeal if the extension order was entered within any period previously allowed by the trial court. Under Act 555 it was customary for

attorneys to obtain extensions of time without notice to opposing counsel and without specifying any particular reason for the extension.

Act 206 of 1971 amended Section 20 of Act 555 by introducing the additional condition that an extension of the time originally fixed for docketing the appeal could be granted only upon a showing that the appellant had ordered a transcription of evidence stenographically reported. The legislative intent was evidently to eliminate unnecessary delays in the docketing of appeals to this court.

In the case at bar no evidence was stenographically reported. Nevertheless counsel for the appellant, without notice to the appellees, obtained an order from the trial judge extending the time originally allowed for lodging the record in this court. The record was not filed here until after the expiration of the time initially allowed. In the motion to dismiss the appeal the appellees argue that under Act 206 the trial court was without authority to grant an extension of time when it was not needed for the filing of a transcription of testimony stenographically reported.

We appreciate the logical force of the appellees' position, but we are unwilling to apply the provisions of Act 206 so harshly as to prevent a hearing of this appeal on its merits. In similar situations, when new procedural statutes have changed familiar steps involved in the appellate process, we have stretched our authority to its fullest extent to avoid hardships to lawyers and to litigants. For example, when Act 555 first introduced the jurisdictional requirement that a notice of appeal be filed, we entered a per curiam order allowing appeals to be taken under the former procedure for a limited time. That per curiam order remained in effect until it was rescinded in our 1954 revision of Rule 26, published in Volume 221 of our Reports, at page 973. Similarly, the rigid requirement that extensions of time for the docketing of appeals be entered within the original 90-day period was temporarily relaxed by our opinion on rehearing in *West* v. *Smith,* 224 Ark. 651, 278 S.W. 2d 126 (1955).

In the situation presented by Act 206 we have a twofold basis for avoiding the injustices that would certainly attend an inflexible application of the new statute. First, Act 555 itself, which Act 206 amends, provides that an appellant's failure to take any further step in addition to the filing of the notice of appeal does not affect the validity of the appeal, being merely a ground for such appropriate action as this court may take. Ark. Stat. Ann. § 27-2106.1. Secondly, Act 38 of 1973, approved January 31, 1973, authorizes this court to prescribe procedural rules superseding existing statutes. We are aware that Act 38 is not yet effective, for want of an emergency clause, but it will be in effect when the rule which we are announcing in this opinion becomes operative.

We are in sympathy with the legislative intent, as embodied in Act 206, to reduce delay in the appellate process. Nevertheless, to avoid unnecessary hardship to litigants who are not themselves at fault, we think it best to allow a short period of grace before the provisions of Act 206 will be routinely applied. Moreover, we think it desirable that applications for extensions of time be considered by trial courts only after reasonable notice to other attorneys in the case. We are therefore adopting today by per curiam order a rule implementing Section 27-2127.1, as amended. That per curiam order will be published as an appendix to this opinion, to the end that it be made a part of our official and unofficial Reports and thus be available to the bench and bar during the period that must elapse before the new rule can be included in the Arkansas Statutes Annotated.

## APPENDIX

PER CURIAM. For the reasons stated in the opinion delivered on this date in *Gallman* v. *Carnes*, 254 Ark. 155, 492 S.W. 2d 255 (1973), the following Rule is adopted:

## SUPREME COURT RULE 26 A

(Rule Implementing Ark. Stat. Ann. § 27-2127.1)

Effective August 1, 1973, in the absence of a showing

of unavoidable casualty all appellate records must be filed with the Clerk in compliance with Act 206 of 1971 (Ark. Stat. Ann. § 27-2127.1 (Supp. 1971]), which provides that a trial court may extend the time allowed for the docketing of an appeal if the court *(a)* finds that the extension is related to the inclusion in the record of evidence stenographically reported and *(b)* enters the order of extension before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order. Counsel seeking such an extension shall give to opposing counsel notice of the application for an extension of time.