Barbara Lynn PERRY *v.* Larry
Eugene PERRY

74-104                                    515 S.W. 2d 640

Opinion delivered November 18, 1974

*Frierson, Walker, Snellgrove & Laser,* by: *Stanley R. Lang-
ley,* for appellant.

*W. B. Howard,* for appellee.

George Rose Smith, Justice. This suit, originally a
divorce case, has narrowed down to a dispute about the
custody of the parties' four-year-old daughter, Amy. In
December of 1972 the appellee, the husband, obtained an un-
contested decree of divorce upon allegations of desertion and
adultery. The chancellor awarded custody of the child to the
appellee, finding that he was a proper person to have the care
of the child and that the mother was morally unfit for that
responsibility.

A few months later the appellant, who had married
David Jaworski three weeks after the divorce, sought custody
of her daughter, asserting a change of conditions. After an ex-
tended hearing the chancellor entered an order enlarging the
mother's visitation privileges but denying her request for a

change of custody. This appeal is from the latter part of that order.

We need not detail the testimony, which simply presents contested issues of fact. The weight of the evidence shows that the appellee filed suit for divorce after the appellant had left him, had taken Amy with her to Memphis, Tennessee, and there had occupied an apartment with Jaworski. In the court below the appellant admitted that while she was living in that apartment she had permitted another young woman to spend the night there upon a number of occasions with any one of several different men.

We cannot say that the chancellor was wrong in not finding a change of conditions sufficient to require a change of custody. In the original decree of divorce the court found that the appellant was morally unfit to have the custody of her daughter. Later events of an external nature, such as the appellant's marriage to Jaworski, her attendance at church services, and her ability to provide a home for Amy, fall short of compelling one to conclude that the appellant's character has also changed. For that reason the cases relied upon by the appellant are not persuasive. For example, in *Perkins* v. *Perkins,* 226 Ark. 765, 293 S.W. 2d 889 (1956), we pointed out that there was nothing in the record to indicate that the mother was not a proper person to have the custody of her child. No such statement can be made in this case.

In electing to decide the case upon its merits we are to some extent bypassing the appellee's insistence that the appeal should be dismissed because of the appellant's asserted failure to obtain from the trial court, in the time and manner specified by Ark. Stat. Ann. § 27-2127.1 (Supp. 1973) and by Supreme Court Rule 26A, an extension of time for the filing of the record in this court. Upon this point the proof, which is not entirely clear, suggests that the extension was sought not because the court reporter was unable to meet the deadline for filing the record but because counsel wanted more time for the preparation of the appellant's brief in this court. In fact, a motion for an extension of brief time was sent to our clerk before the record had been lodged here and hence before we had jurisdiction of the case.

As we pointed out in *Gallman* v. *Cames,* 254 Ark. 155, 492 S.W. 2d 255 (1973), the legislative intent in the enactment of Section 27-2127.1, *supra,* was to eliminate unnecessary delay in the docketing of appeals to this court. Certainly the legislative purpose was not to provide a means by which needless postponements could be obtained. We expect complicance with the spirit of the statute, to the end that lawsuits may progress as expeditiously as justice requires.

Affirmed, the appellee to recover his costs.