Robert HARPER and Frances HARPER *v.*
Noel PEARSON and Rebecca Ann PEARSON

77-139                                          556 S.W. 2d 142

Opinion delivered October 10, 1977
(In Banc)

*Edward F. Armstrong* and *Edward I. Staten,* for appellants.

*L. David Stubbs,* for appellees.

ELSIJANE T. ROY, Justice. This matter comes before us on appellees' motion to dismiss the appeal filed herein by appellants. Judgment in the cause was filed November 22, 1976, and notice of appeal filed November 30, 1976. Designation of the contents of record on appeal was signed by appellants on February 18, 1977, but not filed with the clerk of the court until February 22, 1977, 84 days following the filing of the notice of appeal.

On the 18th day of February, 1977, the chancellor entered an order extending the time within which the record must be filed and docketed with the Supreme Court to June 22, 1977; however, said order, which was filed February 22, 1977, was obtained without notice to appellees' counsel.

On the 24th day of February, 1977, appellees filed a motion to vacate the order entered on February 18, 1977, on the grounds that there existed no good and sufficient reason for the extension of said time and for failure to give appellees' counsel notice of appellants' application for an extension of time.

Thereafter appellees' attorney received a notice from the attorney for appellants that appellants would seek an order of the chancery court on February 28, 1977, for an extension of time for filing the record on appeal and docketing said appeal with the Supreme Court.

After the hearing on February 28, 1977, the court entered an order extending the time within which to perfect appellants' appeal to the Arkansas Supreme Court to seventy days from the date of said order. It is noted that this order extending the time within which to docket said appeal was entered on the ninetieth day following the filing of the notice of appeal.

Appellees contend that the actions of appellants in failing to "promptly" designate the contents of record on appeal as required by Ark. Stat. Ann. § 27-2127.2 (Repl. 1962) and appellants' failure to comply with the spirit of Ark. Stat. Ann. § 27-2127.1 (Supp. 1975) and Supreme Court Rule 26A require this court to grant their motion to dismiss the appeal filed herein.

We view with some degree of concern appellants' inaction in waiting until the ninetieth day after giving the notice of appeal before taking the legal steps necessary to secure an extension from the court. The enactment of § 27-2127.1 was to eliminate unnecessary delay in the docketing of appeals to this Court. To that end, Rule 26A was adopted to implement § 27-2127.1. Rule 26A provides that the trial court may extend the time for the docketing of an appeal if the court (a) finds that the extension is related to the inclusion in the record of evidence stenographically reported and (b) enters the order of extension before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order. Counsel seeking such an exten-

sion shall give to opposing counsel notice of the application for an extension of time.

We stated in *Gallman* v. *Carnes,* 254 Ark. 155, 492 S.W. 2d 255 (1973), that "Act 206 of 1971 amended Section 2; of Act 555 by introducing the additional condition that an extension of the time originally fixed for docketing the appeal could be granted only upon a showing that the appellant had ordered a transcript of evidence stenographically reported. The legislative intent was evidently to eliminate unnecessary delays in the docketing of appeals to this court."

We also stated in *Perry* v. *Perry,* 257 Ark. 237, 515 S.W. 2d 640 (1974):

> As we pointed out in *Gallman* v. *Carnes,* 254 Ark. 155, 492 S.W. 2d 255 (1973), the legislative intent in the enactment of Section 27-2127.1, *supra,* was to eliminate unnecessary delay in the docketing of appeals to this court. Certainly the legislative purpose was not to provide a means by which needless postponements could be obtained. We expect compliance with the spirit of the statute to the end that lawsuits may progress as expeditiously as justice requires.

This court still adheres to these principles and will closely scrutinize cases involving this issue. We do not view granting such extensions as a mere formality. However, the record reflects the chancellor conducted a very extensive hearing and carefully considered the matter before granting the extension in this case. The court in the order entered after the hearing specifically found appellants had complied with Rule 26A and all statutory requirements for securing an extension. We find here the court did not enter the order in a perfunctory manner, and we cannot say that the chancellor abused his discretion.

Accordingly, the motion to dismiss will be denied.[1]

---

[1]In reaching this decision we have also considered the fact that appellees failed to present the motion to dismiss to this Court as promptly as possible. The motion was not filed until about four months after the

Harris, C.J., and Byrd, J., not participating.

transcript had been lodged with this Court and after appellants had expended $1,590.58 on brief costs.