Jacquetta ALEXANDER, Circuit Clerk of Pulaski County, Arkansas *v.* W. E. BEAUMONT, County Judge of Pulaski County, Arkansas

82-27                                             629 S.W. 2d 300

Supreme Court of Arkansas
Opinion delivered March 22, 1982

*John Wesley Hall, Jr.,* for appellant.

*House, Holmes & Jewell, P.A.,* by: *David Hargis,* for appellee.

PER CURIAM. On February 9, 1982, petitoner filed a petition for a Writ of Certiorari to complete the record. After fully considering the petition we denied it on February 22, 1982. Petitioner, by her attorney John Wesley Hall, Jr., has now filed a motion asking us to reconsider, and states:

> If the Court refuses to reconsider the Petition, whether this is the result the Court desires or not, the Court should enter a per curiam order for publication that explains to the rest of the Arkansas bar and public that, henceforth, circumstances beyond the control of parties to an appeal can preclude the use of a transcript of testimony. The public needs to know that their rights to effectively pursue appeals can be lost by the conduct of others. This is a novel and unprecedented reversal of this Court's prior holdings and is erroneous.

Because petitioner has requested that we publish our reasons we shall do so.

The notice of appeal, given on August 10, 1981, does not contain a statement that the transcript had been ordered as required by Rule 3 (e), Rules of Appellate Procedure, Ark. Stat. Ann. Vol. 3A (Repl. 1979). On October 21, 1981, petitioner obtained an extension of time to docket the appeal. This extension was in violation of Rule 5 (b), Rules

of Appellate Procedure, which provides that an extension of time for filing the record may be given upon the trial court "finding that a reporter's transcript ... has been ordered ..." We have issued a clear warning that the provision must be followed. *Gallman* v. *Carnes,* 254 Ark. 155, 492 S.W. 2d 255 (1973) and appendix. This warning was repeated in *Perry* v. *Perry,* 257 Ark. 237, 515 S.W. 2d 640 (1974). We stated that the purpose of the rule (a statute at that time) was to eliminate unnecessary delay in the docketing of appeals and "We expect compliance with the spirit of the statute, to the end that lawsuits may progress as expeditiously as justice requires." In *Owens* v. *Bill and Tony's Liquor Store,* 258 Ark. 887, 529 S.W. 2d 354 (1975), we pointed out that the rule "furnishes ground for such action as we deem appropriate." In *Canal Insurance Co.* v. *Arney,* 258 Ark. 893, 530 S.W. 2d 178 (1975), we dismissed a case under this rule. We reiterated the necessity for ordering a transcript and conducting a hearing on the necessity for an extension in *Harper* v. *Pearson,* 262 Ark. 294, 556 S.W. 2d 142 (1977).

Petitioner's attorney, John Wesley Hall, Jr., still without ordering a transcript and again without a hearing, obtained from the trial court a second extension of time for the filing of the record. One day before expiration of the second extension of time Mr. Hall filed a petition for a Writ of Certiorari with this court stating that the court reporter had been paid and that 60 days' additional time was needed. The petition implied that the transcript had been ordered for some time.

Both court reporters involved have now executed affidavits to this court stating that Mr. Hall had not ordered transcripts when the extensions of time were granted. They affirm that Mr. Hall did not order the record until sometime after January 7, or approximately 30 days before the second extension expired. Quite naturally, the transcript and record were not then timely filed.

The rules for timely ordering of the record have been flagrantly violated. As previously stated, we expect compliance with our rules in order that unnecessary delays may be eliminated and so that lawsuits may proceed as expeditiously as possible.

The petition for reconsideration is refused.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the per curiam issued this date because I think there were very special circumstances involved in this matter which could be used to mitigate the failure of the petitioner to comply with the standard rules of the court.

All parties were advised from the beginning that the transcript had not been ordered although the notice of appeal had been given. It was petitioner's intention to try to raise the money to pay for the appeal in time to meet these deadlines. As I understand the record, the court reporters led the petitioner's attorney to believe they could complete the records in the limited amount of time which was given. The money was advanced to the reporters, as is required by them, before they started typing.

From a reading of the record it appears to me that both reporters led the petitioner to believe they could complete the transcripts in the amount of time allocated from the date of receipt of payment. They would not or could not complete their end of the bargain. It is not infrequent that we have to delay the whole process of court to wait on a court reporter. This seems to be the standard rather than the exception. In this case the reporters should have been fully aware that they could not complete the transcript in the time allowed after taking petitioner's money. In reviewing the record, it seems to me that the attorney for petitioner did, indeed, make a good faith effort to comply with our rules, and did, in effect, substantially comply with them. There is absolutely no evidence that a fraud was perpetrated on or even attempted to be perpetrated against this court.

Therefore, in view of the special circumstances I would make an exception to our rule and I would allow the appeal to be filed in this case.