Frederick JACOBS *v.* STATE of Arkansas

CR 95-808                                    906 S.W.2d 670

Supreme Court of Arkansas
Opinion delivered September 18, 1995

*Robert P. Remet*, for appellant.

No response.

PER CURIAM. Appellant asks this court to grant a writ of certiorari to complete the record in his case. We deny the writ.

■ Appellant was convicted of capital murder and sentenced to life without parole. The judgment of conviction was entered on December 15, 1994, and the notice of appeal was filed on January 10, 1995. Appellant should have immediately ordered the reporter's transcript. *Perry* v. *Perry*, 257 Ark. 237, 515 S.W.2d 640 (1974). The partial record filed does not show that this was done. The complete record should have been filed within ninety days from the filing of the notice of appeal. Ark. R. App. P. 5(a). If the reporter could not complete the transcript within the ninety days, appellant should have moved for an extension, and the trial court should have conducted a hearing on the necessity of the extension. *Harper* v. *Pearson*, 262 Ark. 294, 556 S.W.2d 142 (1977). This was not done. Instead, on January 10, 1995, just below the notice of appeal, appellant asked for a seven-month extension to file the transcript because of "his current commitments." The trial court immediately granted the full seven months without a hearing and without proof that the transcript had been ordered. The trial court's ruling was in violation of the Rules of Appellate Procedure.

■ We have made it abundantly clear that the purpose of the rule is to eliminate unnecessary delay in the docketing of appeals and that we expect compliance with this rule so that appeals will proceed as expeditiously as possible. *Alexander* v. *Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982). The fact that an attorney had "current commitments" was not relevant to whether a record was ordered and whether the court reporter could timely transcribe that record. The trial court's order was not in compliance with either the letter or spirit of the rule. We have even said that we expect trial courts to follow the spirit of

the rule. *Perry* v. *Perry*, 257 Ark. 237, 515 S.W.2d 640 (1974). We fully intend to prevent unnecessary delays in appeals.

On July 6, 1995, appellant filed his motion for a writ of certiorari to complete the record. The only ground stated for granting the motion is: "No indication has been received from the reporter (to whom a copy of this order was sent by counsel o/a February 2, 1995) that the reporter has prepared the transcript or is in the process of preparation thereof." There still has been no showing that the record has been ordered or that the delay is necessary; consequently, we deny the motion.

Unfortunately compounding the progress of this appeal, we note that there is a letter in the file from the court reporter stating: "I am sorry to report that a transcript of this trial cannot be reproduced." Even so, there is nothing to show that the trial court has conducted any type of proceeding to determine whether it is possible for a record to be transcribed by any method, and we are unaware of any effort to construct a record. See Ark. R. App. P. 6(d). As a result, it seems likely that it would be a vain and useless act for us to grant certiorari directed to the court reporter. That would only cause more delay.

We do not know whether the record in this case can in fact be transcribed, and while we do not intend to indicate fault on the part of the court reporter, we note that the trial judge appoints the court reporter. Ark. Code Ann. §§ 16-13-502, –503(a) (1987). It is the duty of a trial judge to see that the person he or she appoints performs satisfactorily. In this case the defendant has been in the penitentiary since December 1994, and the transcript for his appeal is not completed. Perhaps worse, it has not even been started.

Writ denied.