## Regina Padgett OSBURN, et al. v. ARKANSAS DEPARTMENT of HUMAN SERVICES

99-1296                                          15 S.W.3d 673

### Supreme Court of Arkansas
### Opinion delivered May 4, 2000

*Joyce Williams Warren*, Circuit/Chancery Judge, and *Jewel Holloway Harper*, Special Judge;

*Charles and Angela Young*, pro se intervenors.

*Kathy L. Hall*, Office of Chief Counsel, for appellee Arkansas Department of Human Services.

*Stasia D. Burk*, Attorney *Ad Litem*, for minor children, appellees.

TOM GLAZE, Justice. This case was initially submitted to this court based on the constitutionality of the Grandparents Visitation Rights Act, *see* Ark. Code Ann. § 9-13-103 (Repl. 1998), but before the court could consider the case on its merits, the court was confronted with whether the order from which the grandparents, Charles and Angela Young, appealed was a final order, and whether the Youngs had filed a timely record in accordance with Rule 5 of the Arkansas Rules of Appellate Procedure—Civil. We requested the Youngs and the Department of Human Services (DHS) to submit briefs on these two issues. *See Osburn v. Arkansas Dep't of Human Servs.*, 340 Ark. 201, 8 S.W.3d 533 (2000).

They have done so, and upon reviewing their respective arguments, we conclude we must dismiss this appeal.

Because the Youngs have failed to file their record in a timely manner, that failure alone procedurally bars the Youngs from proceeding, so we need not consider and decide if the lower court's August 2, 1999, order terminating the Youngs' visitation rights was a final order from which they may appeal under Ark. R. App. P.—Civil 2, and Ark. R. Civ. P. 54(b) (1999).

■ ■ After the trial court entered its August 2, 1999 order, the Youngs filed a timely notice of appeal on August 31, 1999.[1] *See* Ark. R. App. P.—Civ. 4(a) (1999). However, after filing the notice of appeal, the Youngs were then obliged to file their record with the Supreme Court Clerk within ninety days from August 31. That ninety-day deadline ended on November 29, 1999. *See* Ark. R. App. P.— Civ. 5(a) (1999). Alternatively, the Youngs were required to seek an extension of time under Ark. R. App. P.—Civ. 5(b), and that extension was required to be entered before the expiration of the filing period as originally prescribed. The trial court's order extending the time in which to file the record was not entered until December 2, 1999, after the time in which to request such an extension had already expired. Indeed, the Youngs themselves never requested an extension. For these reasons, the Youngs are now procedurally precluded from pursuing their appeal. *See Mitchell v. City of Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991). As this court has previously explained, the purpose of Rule 5 is to eliminate unnecessary delay in the docketing of appeals, and compliance with the rule is expected so that lawsuits may proceed as expeditiously as possible. *See Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982).

For the reasons above, we dismiss this appeal.

THORNTON, J., not participating.

---

[1] Our earlier per curiam opinion in this case incorrectly recited August 20, 1999, as the date of filing the notice of appeal.