Robert MURPHY and Cathy Murphy, *His Wife*;
Billy Joe Campbell and Margaret Ann Campbell, *His Wife*;
Edward Ginger and Brenda Ginger, *His Wife*;
John Lee Cottrell and Delphine Cottrell, *His Wife*;
Ray Kinley and Sandra Kinley, *His Wife*;
Charles Ray and Patricia Ray, *His Wife*;
and Richard Ray and Cheryl Ray, *His Wife*,
*v.* David M. DUMAS and Donnie S. Dumas, *His Wife*

00-1411                                     36 S.W.3d 351

Supreme Court of Arkansas
Opinion delivered February 1, 2001

*James B. Bennett*, for appellants.

*Harrell & Lindsey, P.A.*, by: *Paul E. Lindsey*, for appellees.

PER CURIAM. Appellees David M. Dumas and Donnie S. Dumas (the Dumases) move this court to dismiss the appeal of appellants Robert Murphy, Cathy Murphy, and others (the Murphys) due to a late filing of the record on appeal in violation of Ark. R. App. P.—Civ. 5(a). We agree that the trial court erred in granting the extension of time, but we deny the motion to dismiss.

■ The facts are that on July 28, 2000, the Murphys timely filed their notice of appeal from a decree quieting title to certain land entered on June 29, 2000. This meant that under Appellate Rule 5(a) the record had to be filed by October 26, 2000. On September 20, 2000, the trial court entered an order extending the time for filing the record for seven months which presented a new deadline of January 29, 2001. At this writing, the Murphys have not filed the record. The extension order was entered without (1) a request by the Murphys, (2) a hearing being held by the trial court, (3) notice to the Dumases, and (4) findings by the trial court. The trial court's order, as a result, violated the terms of Appellate Rule 5(b), which reads in part:

> (b) Extension of time. In cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, may extend the time for filing the record on appeal, but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order. . . . Counsel seeking an extension shall give to opposing counsel notice of the application for an extension of time.

*See also Jacobs v. State,* 321 Ark. 561, 906 S.W.2d 670 (1995) *(per curiam); Alexander v. Beaumont,* 275 Ark. 357, 629 S.W.2d 300 (1982); *Harper v. Pearson,* 262 Ark. 294, 556 S.W.2d 142 (1977). Hence, the extension order was void and of no effect, and the 90-day limit under Rule 5(a) continued to apply. This meant that the deadline for filing the record in this matter was October 26, 2000, and that deadline was missed.

■ ■ Nevertheless, we are reluctant to dismiss an appeal when the appellants relied on an order of the trial court, albeit an erroneous order, which gave them until January 29, 2001, to file their record. Moreover, there is nothing to suggest that the Murphys relied on the extension order in bad faith. We have held in the past that parties are entitled to rely on a trial court's order extending time even when the trial court may later vacate the order or when a judgment was erroneously entered. *See King v. Carney,* 341 Ark. 955, 20 S.W.3d 341(2000) (appellant entitled to rely on extension order though trial court later vacated it); *see also Cole v. First Nat'l Bank of Ft. Smith,* 304 Ark. 26, 800 S.W.2d 412 (1990) (plaintiff had right to rely on judge's default judgment, though erroneously entered, and savings statute applied). This principle should apply to the facts of this case.

We give notice by this opinion to the bench and bar that henceforth we will strictly enforce the requirements of Rule 5(b).

GLAZE, CORBIN, and IMBER, JJ., dissent.

Tom GLAZE, Justice, dissenting. Appellees David and Donnie Dumas move to dismiss appellants' appeal. Appellees filed a timely notice of appeal on July 28, 2000, and they had ninety days, or until October 26, 2000, to file their record, unless the time was properly extended by order of the trial court. See Ark. R. App. P.—Civ. 5(a) (2000). On September 20, 2000, or within the required ninety-day period, an order of the trial court was entered extending the time for filing the record to January 29, 2001; however, this was done (1) without the appellants having filed a motion requesting the extension, (2) without notice to the appellees, (3) without a hearing being held by the trial court, and (4) without findings by the trial court, all of which are required under Ark. R. App. P.—Civ. 5(b). See Jacobs v. State, 321 Ark. 561, 906 S.W.2d 670 (1995). As of this date, appellant still has not filed a record.

Clearly, the trial court's order entered in this case violated Rule 5(b); this court has issued clear warnings that this provision must be followed. *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982); *Osburn v. Arkansas Department of Human Services*, 341 Ark. 218, 15 S.W.3d 673 (2000); *Perry v. Perry*, 257 Ark. 237, 515 S.W.2d 640 (1974); *Gallman v. Carnes*, 254 Ark. 155, 492 S.W.2d 255 (1973), and appendix; *see also Harper v. Pearson*, 262 Ark. 294, 556 S.W.2d 142 (1977) (court reiterated the necessity for ordering a transcript and conducting a hearing on the necessity for an extension). In *Perry*, the court stated that the purpose of the rule (a statute at that time) was to eliminate unnecessary delay in the docketing of appeals and that the court expected compliance to the end that lawsuits may progress as expeditiously as justice requires. Moreover, this court has held that it does not view granting such extensions as a mere formality. *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000). The timely lodging of the record from the proceeding appealed has been deemed a jurisdictional requirement to perfect an appeal. *Id.*

Exactly why or how the trial court granted an extension in this matter is not clear, but to allow appellant to ignore the requirements of Rule 5(b) to appellees' detriment is unfair in my view. The appellees' motion to dismiss should be granted.

CORBIN and IMBER, JJ., join this dissent.