Robert D. HOLLOWAY *v.*
ARKANSAS STATE BOARD of ARCHITECTS

01-994                                            71 S.W.3d 563

Supreme Court of Arkansas
Opinion delivered April 4, 2002

*Hankins & Hicks*, by: *Stuart W. Hankins*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Warren T. Readnour*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. We accepted a petition from Robert D. Holloway, the appellant, for review of an order of the court of appeals dismissing his appeal from an underlying decision of the trial court because of a failure to comply with Rule 5 of the Rules of Appellate Procedure—Civil. Because the sole issue presented for our review is an interpretation of Rule 5, we granted review on this question only.

Appellee, the Arkansas State Board of Architects, moved that the appeal be dismissed on the basis that the trial court erred in granting an extension of time to file the record, and as a result of Holloway's reliance upon the invalid extension, that he did not timely lodge the record with this court. Significantly, appellee's motion to dismiss was not filed until after the record had been lodged with our clerk in accordance with the trial court's order. Under these circumstances, we conclude that appellee's challenge to the trial court's order extending the time for filing was ineffectual because the motion was not made before the record was lodged with our clerk. Accordingly, we reverse the determination of the court of appeals dismissing the appeal, and return the case to the court of appeals for consideration on the merits.

On December 19, 2000, the Pulaski County Circuit Court entered an order affirming the decision of the State Board of Architects, appellee, finding that Holloway engaged in the practice of architecture without a license. The decision was timely reviewed by the circuit court, and the circuit court's order affirming appellee's decision was timely appealed by Holloway on December 22, 2000. Upon a motion made by the court reporter, the trial court entered an order on February 22, 2001, finding that the record on appeal must include the court reporter's stenographically prepared transcript of evidence and that an extension of time was needed to permit the preparation of the record.

The trial court's order extended the time for the filing of the record to July 18, 2001. Upon entry of the trial court's order, a copy of the order was provided to both Holloway and appellee. At the time of the entry of the trial court's extension order, there

remained almost thirty days before the ninety-day requirement of Rule 5 would expire.[1] filing challenging the trial court's order was filed before Holloway lodged the record with the clerk on July 11, 2001, well in advance of the July 18, 2001 date allowed by the trial court order.

The issue in this review is whether the appellee can wait until after a transcript has been lodged with our clerk in compliance with a trial court's order extending the time for filing, before challenging the validity of the trial court's order granting the extension.

Appellee contends that the trial court's order was invalid because it was entered upon a motion by the court reporter; because no hearing was held upon the motion; and because the parties were not given notice of the consideration of the request for an extension before it was granted. However we cannot address these issues, because appellee did not timely file a challenge to the trial court's order extending the time for filing.

We recently denied a motion to dismiss an appeal under circumstances similar to the present case. *Dugal Logging, Inc. V. Arkansas Pulpwood*, 336 Ark. 55, 984 S.W.2d 410 (1999). We denied the motion to dismiss because appellant did not file the motion to dismiss before the record was filed with the court. We held that if appellant had serious questions about whether a hear-

---

[1] Rule 5 of the Arkansas Rules of Appellate Procedure–Civil, in pertinent part reads:

(a) *When filed*. The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided. . . .

(b) *Extension of time*. In cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the circuit court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, may extend the time for filing the record on appeal . . .

(c) *Partial record*. Prior to the time the complete record on appeal is filed with the clerk of the Arkansas Supreme Court as provided in this rule, any party may docket the appeal to make a motion for dismissal or for any other intermediate order by filing a partial record with the clerk.

ing was required for the extension of the time in which to file, it should have raised the issue *before* the record was filed with the court. *Id.* The present case is very similar in that appellee's motion to dismiss came *after* the record was filed. Appellee waited five months from the granting of the extension to raise questions about the validity of the order granting the extension.

Appellee relies upon case law that is distinguishable from the present case. In *Murphy v. Dumas*, 343 Ark. 608, 36 S.W3d 351 (2001) (*per curiam*), the circuit court's order extending the time in which to file the record contained none of the required findings from Rule 5(b), including the necessity of an extension of time for the inclusion in the record on appeal of a reporter's transcript and appellant had ordered the transcript from the court reporter. We held in *Murphy*, "The extension order was entered without . . . findings by the trial court." *Id.* In the present case, the extension order contained the following findings:

> (1) The record on appeal includes a reporter's transcript of evidence or a proceeding which was stenographically reported and such transcript has been timely ordered by Appellants.
> (2) An extension of time is necessary for the inclusion in the record on appeal of the evidence or proceeding stenographically reported.
> (3) The time for filing the record on appeal is hereby extended until July 18, 2001, which is seven months from the date of the entry of the final judgement.

■ Pursuant to this order of the trial court, Holloway proceeded to file the record within the time established by the trial court. No challenge was made by appellee until after the record was lodged with the clerk. By contrast, the appellants in *Murphy* had not yet filed the record at the time the appellees filed their motion to dismiss the appeal. In the present case, the order of extension had been in effect for five months, the record was timely filed, and only then, after the record was filed, did appellee file its motion to dismiss the appeal. The facts in *Murphy* are distinguishable from the present case and therefore *Murphy* is inapplicable.

■ Appellee also relies upon *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000), in support of its contention

that Rule 5 should be strictly complied with. *Seay* is also distinguishable from the instant case because the record contained nothing that had been stenographically reported, thereby causing the trial court to be without authority to extend the time to file the record under Rule 5(b). Our decision in *Seay* is therefore inapposite to the circumstances of this case.

■ In a somewhat similar case, *C & M Construction Co. v. Simmons 1ˢᵗ National Bank*, 260 Ark. 906, 545 S.W.2d 631 (1977), we considered extensions of time that stem from the court reporter's workload and inability to complete the transcript.[2] In *C & M*, appellee did not file its motion to dismiss or take any other action until more than sixty days after the extension had been granted. *Id.* Thus, the facts of *C & M* are similar to the present case, except that in the instant case, appellee waited five months after the extension had been granted to file the motion to dismiss. *C & M* is a precedent for our determination that the appeal should not be dismissed.

■ In summary, the court reporter asked for an extension of time in which to complete the record, and sent a copy of the order, which included the necessary findings, to both appellant and appellee. Five months later, and a week after the record was filed, appellee filed a motion to dismiss based on an alleged violation of Rule 5 of the Arkansas Rules of Appellate Procedure Civil. In the motion for dismissal, there was no contention of prejudice nor did appellee argue that it could have successfully resisted the order of extension had there been a hearing. In accordance with our decisions in *Dugal Logging Inc.*, and *C & M supra*, we conclude that the appeal should not have been dismissed.

■ Accordingly, we agree with Holloway that Rule 5 does not require that his appeal be dismissed, reverse on that point, and return the case to the court of appeals for consideration on the merits.

---

[2] It should be noted that although our decision in *C & M Construction Co.* addressed a superseded version of Rule 5, Ark. Stat. Ann § 27-2127.1 (Supp. 1975) and Rule 26A of the Arkansas Supreme Court Rules, the substance of prior Arkansas law remains unchanged in Rule 5. See Reporter's Notes to Ark. R. App. P. Civ. 5 (2001).

CORBIN, J., not participating.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I join the majority, but write to warn attorneys seeking extensions to file a record on appeal to not rely on a court reporter's gracious efforts to perform the attorney's job. Here, this court denied appellee Arkansas State Board of Architects' motion to dismiss appellant Robert D. Holloway's appeal because the Board filed its dismissal motion too late. *See Dugal Logging, Inc. v. Arkansas Pulpwood*, 336 Ark. 55, 984 S.W.2d 410 (1999). However, if the Board's dismissal motion would have been timely, we would be confronted with a far different situation.

Recently, this court gave notice to the bench and bar that the court will strictly enforce the requirement of Ark. R. Civ. P. 5(b), which provides that an extension to file a record will only be entered (1) upon the appellant's having filed a motion requesting the extension, (2) a hearing being held by the trial court, (3) notice to the appellee or opposing party, and (4) findings by the trial court. *See Murphy v. Dumas*, 343 Ark. 608, 36 S.W.3d 351 (2001); *see also Jacobs v. State*, 321 Ark. 561; 906 S.W.2d 670 (1995); *Osburn v. Arkansas Department of Human Services*, 341 Ark. 218, 155 S.W.2d 673 (2000); *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982); *Harper v. Pearson*, 262 Ark. 294, 556 S.W.2d 142 (1977) (court reiterated the necessity for ordering a transcript and conducting a hearing on the necessity for an extension); *Perry v. Perry*, 257 Ark. 237. 515 S.W.2d 640 (1974) (court stated that the purpose of the rule — a statute at that time — was to eliminate unnecessary delay in the docketing of appeals and that the court expected compliance to the end that lawsuits may progress as expeditiously as justice requires).

As is readily discernable by reading Rule 5(b), the parties and their attorneys have the responsibility to see the requirements of the Rule are met — not the court reporter. In the instant case, the court reporter's efforts on the parties' behalf were most accommodating, but those efforts do not meet Rule 5(b) requirements.