Fred H. COGGINS *v.* Patsy A. COGGINS

03-417                                    108 S.W.3d 588

Supreme Court of Arkansas
Opinion delivered May 29, 2003

*Paul N. Ford, J.D.P.A.*, for petitioner.

*Mooney Law Firm, P.A.*, by: *Charles M. Mooney, Jr.*, for respondent.

P ER CURIAM. Petitioner Fred H. Coggins and Respondent Patsy A. Coggins were divorced pursuant to a decree entered on November 19, 2002. Fred filed a timely notice of appeal on December 17, 2002. Under Ark. R. App. P.—Civ. 5(a), the record was due for filing in this court within ninety days from the filing of the notice of appeal. Within that ninety-day period, on March 7, 2003, Fred sought and received an extension of the time to file the record on appeal, pursuant to subsection (b) of Rule 5. The order of extension gave Fred until April 14, 2003.

On that date, Fred filed a petition in this court for a writ of certiorari to complete the record. His petition reflects that the court reporter failed to provide her portion of the transcript to the circuit clerk in time for the circuit clerk to deliver a full record. Along with his petition, Fred lodged a partial record in this court, consisting only of the petition for divorce, the divorce decree, the

notice of appeal, and the trial court's order of extension. Fred has since lodged the full record with our clerk on April 21, 2003.

In response to the petition, Patsy contends that this court should deny the writ, because Fred failed to comply with the provisions of Ark. R. App. P.—Civ. 5(b). She argues that Fred's remedy was to seek an additional extension of time from the trial court, and because he did not do so, the appeal should be dismissed. She asserts that Fred's petition is nothing more than an untimely request for an extension of time to file the record. We agree, and we deny the writ.

■ Under Rule 5(b), the trial court has authority to grant more than one extension of the time for filing a record on appeal, providing that the order granting another extension is entered "before the expiration of the period . . . extended by a previous order." However, Rule 5(b) provides that in no event shall the time be extended more than seven months from the date of the entry of the judgment. This court has consistently stated that it expects compliance with this rule so that unnecessary delays will · be eliminated. *See, e.g., Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000); *Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995) (*per curiam*); *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982) (*per curiam*).

■ ■ In *Murphy v. Dumas*, 343 Ark. 608, 36 S.W.3d 351 (2001) (*per curiam*), this court observed that the following requirements must be met before the trial court can enter an order of extension: (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) a hearing must be held on the request; and (4) the trial court must make findings to support an extension. Also in *Murphy*, this court gave notice to the bench and bar that it will strictly enforce the requirements of Rule 5(b). This pronouncement was in keeping with this court's prior statement that it does not view the granting of extensions as mere formality. *See Seay*, 342 Ark. 503, 29 S.W.3d 711 (citing *Harper v. Henson*, 262 Ark. 294, 556 S.W.2d 142 (1977)).

We recently amended Rule 5(b) to incorporate the holding in *Murphy*, 343 Ark. 608, 36 S.W.3d 351. *See In Re: Arkansas Rules of Civil Procedure; Rules of Appellate Procedure—Civil; and*

*Administrative Orders*, 352 Ark. Appx. 571 (2003) (*per curiam*).[1] Rule 5(b) now provides:

> (b) *Extension of time*. (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
>
> > (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
> >
> > (B) The time to file the record on appeal has not yet expired;
> >
> > (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;
> >
> > (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and
> >
> > (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.
>
> (2) In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later.
>
> (3) If the appellant is unable to obtain entry of an order of extension before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

The last paragraph was a new addition to Rule 5(b), to allow an appellant to obtain relief from this court "if he or she cannot obtain an extension order prior to the applicable deadline." *Id.* (Addition to Reporter's Notes, 2003 Amendment).

---

[1] This amendment was made effective immediately upon publication of our *per curiam* opinion. It was thus in effect prior to the expiration of the first period of extension in this case, which was April 14, 2003.

In the present case, the trial court entered an order of extension on March 7, 2003, giving Fred until April 14, 2003, to file the record on appeal. Fred did not file the record on or before that date. Nor did he seek an additional extension from the trial court, even though the seven-month period provided in Rule 5(b) would not expire until July 19, 2003. Instead, Fred chose to file a partial record in this court and seek a writ of certiorari ordering the court reporter to prepare the transcript.

We must deny the writ, however, because Fred has not made any showing that he was unable to obtain entry of an order from the trial court further extending the time to file the record. Indeed, Fred has not alleged that he ever requested an order of extension beyond the April 14, 2003, deadline. Moreover, Fred's petition does not demonstrate that the delay in obtaining the record from the court reporter was necessary. *See Jacobs*, 321 Ark. 561, 906 S.W.2d 670. To this end, we note that Fred did not even lodge the pleadings and other filings in his partial record filed with this court. Obviously, the court reporter is not responsible for securing those documents. The full record tendered by Fred, one week after the April 14 deadline, is made up of three volumes, only one of which contains stenographically reported material.

In sum, Fred has failed to show that he was unable to obtain an additional order of extension in the trial court prior to seeking a writ of certiorari from this court. Fred simply cannot circumvent the clear procedures provided in Rule 5(b) by filing a scant partial record in this court at the last minute. Accordingly, we deny the writ, and we further dismiss Fred's appeal. This court has consistently held that the timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal. *See Seay*, 342 Ark. 503, 29 S.W.3d 711; *Osburn v. Arkansas Dep't of Human Servs.*, 341 Ark. 218, 15 S.W.3d 673 (2000).

Writ denied.

BROWN, IMBER, and THORNTON, JJ., dissent.

R OBERT L. BROWN, Justice, dissenting. The majority in this case denies appellant Fred H. Coggins's petition for writ of *certiorari* to complete the record, which has the effect of causing his appeal to be dismissed. The majority does so on the basis that because seven months had not expired from entry of

judgment, this court had no authority under Ark. R. App. P.—Civ. 5 to grant the motion. I disagree because I am convinced that this court can grant an extension of time for completion of the record prior to the expiration of seven months, if an appellant files a partial record with our clerk and requests relief within ninety days from the time the notice of appeal was filed or within a period of extended time. For that reason, I dissent.

Rule 5 dealing with extensions of time reads as follows:

> (a) *When filed.* The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided. When, however, an appeal is taken from an interlocutory order under Rule 2(a)(6) or (7), the record must be filed with the clerk of the Supreme Court within thirty (30) days from the entry of such order.
>
> . . . .
>
> (b)(2) In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later.
>
> (3) If the appellant is unable to obtain entry of an order of extension before expiration of the period prescribed by *subdivision (a) of this rule* or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals. (emphasis added).

Our Supreme Court Rule 3-5 reads:

> (a) *Authorization for writ of certiorari.* When jurisdiction is conferred by filing, within the time allowed for appeal, a dated and certified copy of the order or judgment appealed from, the Clerk may, upon authorization by the Court, issue a writ of certiorari to the clerk of the circuit court, the reporter, or any other person charged with the duty of preparing the record on appeal, directing that any omissions or errors in the record be corrected.
>
> (b) *Contents of writ.* The writ shall order that the record be completed and certified within thirty days, and the explanation for any default in complying with the writ must be made on the return within the time directed. This procedure may be used in

appeals of civil, criminal, and administrative agency or commission cases.

It is clear to me that if an appellant is unable to file the record with this court within ninety days, or within the extended period granted by the circuit court, and is further unable to obtain an extension order from the circuit court, the appellant's remedy is to file a partial record in this court to give this court jurisdiction and petition this court for a writ of *certiorari* under Supreme Court Rule 3-5. That is precisely what the appellant did in this case. He filed his petition and partial record on the last day of the extended period — April 14, 2003. Then he tendered the full record on April 21, 2003, awaiting our ruling on his petition for writ of *certiorari*.

The procedure followed by the appellant has certainly been the practice followed by this court over the years, and I see nothing in the amended language of Rule 5(b) to change this practice. *See In Re: Arkansas Rules of Civil Procedure; Rules of Appellate Procedure—Civil; and Administrative Orders*, 352 Ark. Appx. 571 (2003) (*per curiam*). The majority, however, would deny the petition for writ of *certiorari*, which would have the effect of making the record late, and we would have to dismiss the appeal. I disagree that that is what Rule 5 requires.

To summarize, the majority interprets Rule 5 to allow this court to extend the time for filing the record by writ of *certiorari* only after seven months has expired from the date the notice of appeal was filed. Before the seven months has expired, according to the majority, only the circuit court can extend the time for filing the record. Nothing in Rule 5 imposes such a limitation. My interpretation is that an appellant may file a partial record and petition this court for a writ of *certiorari* within ninety days of the notice of appeal or any extended period for completion of the record, when the appellant is unable to obtain an extension from the circuit court. The appellant followed this procedure to a "T," by coming to this court on the last day of his extended period. I would not dismiss this appeal.

For these reasons, I respectfully dissent.

IMBER and THORNTON, JJ., join.