ROSE CARE, INC., *d/b/a* Rose Skill Care Nursing Center *v.* William Franklyn JONES, as the Administrator of the Estate of William Frankie Jones, *Deceased*

03-1400                                           144 S.W.3d 738

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*Harrill & Sutter, PLLC,* by: *L. Oneal Sutter;* and *Williams & Anderson PLC,* by: *Jess Askew III* and *Kelly S. Terry,* for appellant.

*Grayson & Grayson, P.A.,* by: *Melanie L. Grayson,* for appellee.

Per Curiam. Appellee William Franklyn Jones, administrator of the estate of his deceased father William Frankie Jones, filed a wrongful-death suit in the Craighead County Circuit Court against Appellant Rose Care, Inc., d/b/a Rose Skill Care Nursing Center. Following a jury trial, the trial court entered a judgment in favor of Appellee and awarded $10,000 in compensatory damages and $250,000 in punitive damages. Appellant now seeks to appeal the judgment.

On November 26, 2003, Appellant tendered a partial record along with a petition for writ of certiorari to complete the record with our court clerk. On December 1, the clerk sent a letter to Appellant stating that the petition for writ of certiorari could not be filed because the partial record demonstrated that the notice of appeal was not filed until 78 days after the judgment. The letter reflected that the judgment was entered on April 16, 2003, but the notice of appeal was not filed until July 3.

Appellant has now filed an amended petition for writ of certiorari and a motion to amend the partial record. Appellant contends that the notice of appeal is timely due to the filing of a posttrial motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for remittitur. Appellant states that the posttrial filings were inadvertently omitted from the partial record, and it now proffers those documents in a separate partial

record. This partial record reflects the following pertinent events:

| | |
|---|---|
| April 16, 2003 | Judgment filed; |
| April 30, 2003 | Appellee's motion to amend the judgment filed; Appellant's motion for JNOV filed; |
| May 5, 2003 | Amended judgment filed; |
| May 19, 2003 | Appellant's motion for JNOV from amended judgment filed; |
| May 28, 2003 | Appellee's response to motion for JNOV filed; |
| May 30, 2003 | Appellant's motion for JNOV deemed denied; |
| June 18, 2003 | Appellant's amended motion for JNOV deemed denied; |
| July 3, 2003 | Appellant's notice of appeal filed; |
| October 1, 2003 | Order filed extending the time to file the record on appeal to January 19, 2004. |

Based on the foregoing events, Appellant asserts that its notice of appeal was timely, as it contends that it had until July 18, 2003, to file it, as that was the thirtieth day after the amended motion for JNOV was deemed denied. See Ark. R. App. P.—Civ. 4(b)(1).

Appellee does not dispute that Appellant's notice of appeal was timely filed from the deemed denial of the posttrial JNOV motion; instead, Appellee disputes the timeliness for other reasons. Nor does Appellee object to Appellant's motion to amend the partial record to include these posttrial pleadings. However, Appellee contends that the appeal should be dismissed because the order extending the time to lodge the record on appeal was not obtained in strict compliance with the provisions of Ark. R. App. P.—Civ. 5(b). Appellee thus argues that the order of extension was of no effect and that the time to lodge the record has since expired, as provided in Rule 5(a). We agree.[1]

---

[1] Because we agree with Appellee's argument that the extension order was of no effect, we do not address the issue of whether the notice of appeal was timely filed.

Rule 5 provides in pertinent part:

(a) *When filed.* The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided. . . .

(b) *Extension of time.* (1) If any party has designated steno-graphically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record *only if* it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

(2) In no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order, or from the date on which a timely postjudgment motion is deemed to have been disposed of under Rule 4(b)(1), whichever is later.

Subsections (A) through (E) were added to Rule 5(b) on March 13, 2003. *See In Re: Arkansas Rules of Civil Procedure; Rules of Appellate Procedure—Civil; and Administrative Orders,* 352 Ark. 571 (2003) '(per curiam). This change was instituted to reflect this court's holding in *Murphy v. Dumas,* 343 Ark. 608, 36 S.W.3d 351 (2001) (*per curiam*).

In *Murphy*, the extension order was entered without (1) a request by the appellants; (2) notice to the appellees; (3) a hearing being held in the trial court; and (4) findings by the trial court that the extension was necessary. This court held that the extension violated the terms of Rule 5(b), and that the extension order was void and of no effect. Thus, the deadline for filing the record was the ninety-day period provided for in Rule 5(a), which had already expired. Nonetheless, this court denied the appellees' motion to dismiss, because the appellants had relied on the·extension order. This court then gave notice to the bench and bar "that henceforth we will strictly enforce the requirements of Rule 5(b)." *Id*. at 610, 36 S.W.3d at 352.

Since the notice of strict compliance was given in *Murphy*, this court has dismissed an appeal for violation of Rule 5(b). In *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003) (*per curiam*), the issue involved compliance with subsection (3) of Rule 5(b), which provides:

> If the appellant is unable to obtain entry of an order of extension before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

The appellant in that case had obtained a prior order under Rule 5(b) extending the time to file the record to April 14. On that date, the appellant filed a scant partial record with this court along with a petition for writ of certiorari to complete the record. This court denied the petition and dismissed the appeal because the appellant had failed to seek an additional extension from the trial court, even though the seven-month period provided in Rule 5(b)(2) had not yet expired. This court concluded that the appellant had failed to strictly comply with Rule 5(b)(3), namely that he was unable to obtain another order of extension prior to seeking a writ of certiorari from this court.

In the present case, Appellant does not dispute that it did not file a motion for extension or otherwise give notice to Appellee. Nor does it dispute that no hearing was held on the necessity of the extension and that Appellee was not given an opportunity to be heard on the issue. It contends, however, that the motion to dismiss should be denied because (1) the extension was unques-

tionably necessary because the court reporter who transcribed the proceedings had been previously suspended and could not complete the transcript; (2) there were no possible grounds for Appellee to object to the extension; and (3) Appellee suffered no prejudice from the extension.

We must reject Appellant's arguments, as we have made it exceedingly clear to the bench and bar that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of extensions as mere formality. *See Coggins,* 353 Ark. 431, 108 S.W.3d 588; *Murphy,* 343 Ark. 608, 36 S.W.3d 351; *Seay v. Wildlife Farms, Inc.,* 342 Ark. 503, 29 S.W.3d 711 (2000). The arguments offered by Appellant, *i.e.,* that the reason for the extension was obvious and that Appellee suffered no prejudice, do not justify dispensing with the clear requirements of the rule. Strict compliance is strict compliance.

We thus hold that Appellant failed to strictly comply with the requirements for obtaining an extension of the time to lodge the record on appeal. The order of extension entered on October 1, 2003, was void and of no effect, and the ninety-day period set out in Rule 5(a) continued to apply. That period ended on the same date as the order of extension, which has passed. Indeed, even the first partial record was not filed until December 12, 2003. Accordingly, we grant Appellee's motion to dismiss, as the timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal. *See Coggins,* 353 Ark. 431, 108 S.W.3d 588; *Seay,* 342 Ark. 503, 29 S.W.3d 711; *Osburn v. Arkansas Dep't of Human Servs.,* 341 Ark. 218, 15 S.W.3d 673 (2000).

Appellant's motion to amend and restate partial record is granted; Appellant's amended petition for writ of certiorari to complete the record is denied; Appellee's motion to dismiss the appeal is granted.