Mary HICKSON *v.* ARKANSAS DEPARTMENT of HUMAN SERVICES

04-482                                    182 S.W.3d 483

Supreme Court of Arkansas
Opinion delivered May 27, 2004

*DeeNita D. Moak*, for appellant.

No response.

PER CURIAM. Petitioner Mary Hickson, by and through her attorney, DeeNita D. Moak, has filed a petition for a writ of certiorari to complete the record in this case. Her petition, which was filed on May 3, 2004, along with a partial record, states that the court reporter is unable to complete the transcript and thus needs additional time. The petition also asks this court to issue a writ of certiorari to complete the record, based on Hickson's assertion that the circuit clerk erroneously included information in the partial record that does not comply with Ark. Sup. Ct. R. 3-3. We deny the petition and dismiss the appeal.

Although the petition itself does not contain any pertinent information, like the dates of the judgment and notice of appeal or whether there have been any orders of extension, the partial record reveals the following information. On October 1, 2003, the Cleburne County Circuit Court entered an order terminating Hickson's parental rights and granting to Respondent Arkansas Department of Human Services the power to consent to the adoption of Hickson's children. The notice of appeal was timely filed on October 31. Under Ark. R. App. P.—Civ. 5(a), the record was due to be lodged in this court by January 29, 2004.

On January 14, 2004, the court reporter filed a motion for a ninety-day extension to complete the transcript. The trial court entered an order granting the extension on that same date. The order did not, however, provide for a particular due date.[1] Assuming, *arguendo*, that the order of extension granted the full ninety days as requested in the motion, the record was due to be lodged in this court on or before April 13.

On April 27, 2004, Hickson filed in the trial court a motion to enlarge the time to file the record on appeal. The following day, April 28, the trial court granted the motion, which purported to extend the time to lodge the record to May 31, 2004. This order was of no effect, however, because it was not entered prior to the

---

[1] The order of extension did not comply with the requirements of Rule 5(b)(1), in that it did not contain any of the five findings mandated in the rule. The first required finding, that the *appellant* has filed a motion explaining the reasons for the extension, could not have been made in this case, as the motion for extension was filed by the court reporter, not the appellant.

time that the first period of extension expired. Rule 5(b)(1) provides that upon a motion by the party, the circuit court may extend the time to lodge the record on appeal, "by order entered before expiration of the period prescribed by subdivision (a) of this rule *or a prior extension order*[.]" *See also Osburn v. Arkansas Dep't of Human Servs.*, 341 Ark. 218, 15 S.W.3d 673 (2000).

This court has made it exceedingly clear that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of an extension as a mere formality. *See Rose Care, Inc. v. Jones*, 355 Ark. 682, 144 S.W.3d 738 (2004) (*per curiam*); *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003) (*per curiam*); *Murphy v. Dumas*, 343 Ark. 608, 36 S.W.3d 351 (2001) (*per curiam*); *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000). The first order of extension expired, at the latest, on April 13; hence, the second order of extension entered two weeks later on April 28 was of no effect. Hickson was thus required to lodge the record on April 13, 2004. *See* Ark. R. App. P.—Civ. 5(b)(1). As stated above, the partial record in this case was not lodged until May 3, 2004. We thus dismiss Hickson's appeal, because the timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal. *See Rose Care*, 355 Ark. 682, 144 S.W.3d 738; *Coggins*, 353 Ark. 431, 108 S.W.3d 588.