Warren CAMP *v.* STATE of Arkansas

CR 04-1368 204 S.W.3d 518

Supreme Court of Arkansas
Opinion delivered March 3, 2005

*Norwood & Norwood, P.A.*, by: *Susan T. Lusby*, for appellant.

No response.

PER CURIAM. Petitioner Warren Camp filed a certified partial record and a petition for writ of certiorari to complete the record on December 17, 2004. The notice of appeal states that he is appealing from the order and judgment filed May 25, 2004, but it actually was a memorandum order signed on May 24, 2004 and filed on May 25, 2004. Then, a judgment and commitment order dated May 24, 2004, was filed on July 2, 2004. On September 10, 2004, petitioner was granted an extension of time for filing the record on appeal to December 21, 2004, which was four days before the expiration of seven months from the filing of the memorandum order.[1] The court reporter, by affidavit dated December 12, 2004, stated that she would be unable to complete the transcript by the December 21 deadline. The seven-month period in which to lodge the record in this case ended on December 27, 2004. Because petitioner has not complied with the provisions of Ark. R. App. P. – Civ. 5(b), this court denies the petition.

■ Under Rule 5(b), the trial court has authority to grant more than one extension of the time for filing a record on appeal, providing that the order granting another extension is entered

---

[1] This court notes that the judgment and commitment order was filed on July 2, 2004, and normally the seven-month period begins to run from the date of the entry of the judgment. However, the notice of appeal in this case states Camp appeals from the order and judgment rendered on May 24, 2004 and file-marked on May 25, 2004. Regardless, the petition would be denied.

"before the expiration of the period . . . extended by a previous order." However, Rule 5(b) provides that in no event shall the time be extended more than seven months from the date of the entry of the judgment. This court has consistently stated that it expects compliance with this rule so that unnecessary delays will be eliminated. *Coggins v. Coggins,* 353 Ark. 431, 108 S.W.3d 588 (2003).

In *Murphy v. Dumas,* 343 Ark. 608, 36 S.W.3d 351 (2001) (per curiam), this court observed that the following requirements must be met before the trial court can enter an order of extension: (1) the appellant must request the extension; (2) notice must be given to the appellee; (3) a hearing must be held on the request; and (4) the trial court must make findings to support an extension. Ark. R. App. P. – Civ. 5(b) was amended to incorporate the holding in *Murphy,* 343 Ark. 608, 36 S.W.3d 351, to allow an appellant to obtain relief from this court "if he or she cannot obtain an extension order prior to the applicable deadline." *Coggins, supra.* (Addition to Reporter's Notes, 2003 Amendment).

This court denies the writ because Camp has not made any showing that he was unable to obtain entry of an order from the trial court further extending the time to file the record. Camp has not alleged that he requested an order of extension beyond the December 21, 2004 deadline. Camp has failed to show that he was unable to obtain an additional order of extension in the trial court prior to seeking a writ of certiorari from this court.

This case is different from *Coggins* in that this is an appeal from a criminal conviction, whereas *Coggins* was an appeal from a divorce action. The direct appeal of a criminal conviction is a matter of right, and a state cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. *Holland v. State,* 358 Ark. 366, 190 S.W.3d 904 (2004) *(per curiam)*: *Franklin v. State,* 317 Ark. 42, 875 S.W.2d 836 (1994) *(per curiam).* This court instructs counsel to file an affidavit either accepting responsibility for failing to comply with Rule 5(b) or stating the reasons, if any, why counsel was unable to obtain a second order of extension before seeking a writ in this court.

This court notes that this same court reporter has had problems in providing records in other cases on appeal. However, trial counsel requesting the record is required to request a hearing

before the trial court so the reason(s) for these extensions and delays can be explained. This would provide this court with relevant information regarding how to proceed, and the appealing party would have a clear direction regarding when he or she should file his or her extension requests with this court — a reasonable time after the trial court's hearing required under Rule 5. *Murphy v. Dumas*, 343 Ark. 608, 36 S.W.3d 351 (2001).

Petition for writ of certiorari is denied.

IMBER, J., concurs.