Quincy MOORE *v.* STATE of Arkansas

CR 04-927                                                   197 S.W.3d 447

Supreme Court of Arkansas
Opinion delivered November 4, 2004

*Barbara A. Ketring-Beuch*, for appellant.

No response.

PER CURIAM. Quincy Moore filed a motion for rule on clerk on October 19, 2004. Although a partial record was

filed in this case, it contains no transcript of the court proceedings. Moore has also filed a petition for a writ of certiorari seeking completion of the record. Moore received a life sentence and asserts that his trial attorney Barbara A. Ketring-Beuch failed to timely perfect his appeal due to a failure to seek an extension of time from the circuit court within which to complete the record. Moore filed a *pro se* notice of appeal on June 15, 2004. The court reporter received notice from the circuit court that the case was being appealed, but according to her affidavit, she was never contacted regarding payment for preparation of a transcript of the proceedings in circuit court. Consequently, the court reporter prepared a partial record which was tendered to the clerk on August 3, 2004. The partial record is insufficient to allow an appeal to proceed.

The partial record was tendered seventeen days after the notice of appeal was filed. Pursuant to Ark. R. App.—Civ. 5(a), the record on appeal must be filed within ninety days of the filing of the notice of appeal. Rule 5 of the Arkansas Rules of Appellate Procedure—Civil applies in criminal cases. *See, e.g., Jacobs v. State,* 321 Ark. 561, 906 S.W.2d 670 (1995). The ninety days under Rule 5 ran on September 13, 2004. By a letter dated August 4, 2004, Ketring-Beuch was told of the problem with the record. According to an affidavit filed subsequently in this court by Ketring-Beuch, she was unaware a *pro se* notice of appeal had been filed. On September 2, 2004, Ketring-Beuch filed a petition for writ of certiorari seeking relief to file a complete record. Under Rule 5, the circuit court has the power to grant extensions of time to file the record not to exceed seven months from the date that the judgement was entered. Ark R. App. P.—Civ. 5(b)(2). Thus, it appears that when the petition for writ of certiorari was filed, the circuit court still had the power to extend the deadline for filing the record.

On September 23, 2004, this court citing *Coggins v. Coggins,* 353 Ark. 431, 108 S.W.3d 588 (2003), denied the petition for writ of certiorari, and granted Ketring-Beuch's motion to be relieved as counsel. On that same date, Daniel Becker was appointed to represent Moore on appeal. Becker then filed the present motion for rule on clerk asking that the appeal be lodged based on failure of prior counsel to perfect the appeal. Becker also filed a petition for a writ of certiorari seeking that the record be completed and filed.

■■ In this case, it appears that Moore was acting *pro se,* and that Ketring-Beuch was not aware that a notice of appeal had

been filed. However, it also appears that Ketring-Beuch may well have known of the need to complete the transcript while an extension of time could still be granted by the trial court under Rule 5. No such extension was sought. We recently clarified the treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). This court no longer requires an affidavit of fault before we will decide motions for rule on clerk and motions for belated appeals. However, as this court stated in *McDonald, supra,* there is no advantage in refusing to admit fault in the motion if fault exists. This court will either decide the matter of fault where the record is sufficient to reach a conclusion, or as this court further stated:

> Where a motion seeking relief from failure to perfect an appeal is filed, and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. However, the matter of attorney error will be remanded to the trial court to make findings of fact. *See, e.g., Frazier v. State,* 339 Ark. 173, 3 S.W.3d 334 (1999). Upon receipt by this court of the findings, this court will render a decision on attorney error. *Id.*

*McDonald,* 356 Ark. at 117, 146 S.W.3d at 892. In the matter before us, the motion and existing record do not plainly reveal whether fault on the part of Ketring-Beuch caused the failure to file a complete record. Therefore, we direct the clerk to accept the appeal, and remand the issue of attorney fault to the circuit court to make findings of fact so that this court may make a decision on attorney error. Further, the petition for writ of certiorari is granted allowing sixty days within which to complete the record.