Quincy MOORE *v.* STATE of Arkansas

CR 04-927                                        200 S.W.3d 891

Supreme Court of Arkansas
Opinion delivered January 6, 2005

*Daniel D. Becker*, for appellant.

No response.

PER CURIAM. Pursuant to this court's order in *Moore v. State*, 359 Ark. 370, 197 S.W.3d 447 (2004), the circuit

court made findings of fact on the issue of attorney fault in failing to timely file the record on appeal. On November 23, 2004, the circuit court held a hearing and on December 3, 2004, the circuit court's Findings of Fact were filed in this court. We conclude that there is attorney fault.

Under Ark. R. App.—Civ. 5(a), the record on appeal must be filed within ninety days of the filing of the notice of appeal. Moore filed a *pro se* notice of appeal on June 15, 2004, making the record due by September 13, 2004. Attorney Barbara A. Ketring-Beuch filed a motion for rule on the clerk on Moore's behalf which was granted in *Moore, supra.*

The circuit court recounted that Moore's attorney testified that she discussed an appeal with Moore, but that Moore never contacted her about filing an appeal, and that she was unaware a *pro se* notice of appeal had been filed until she was contacted by the Criminal Justice Coordinator's office regarding the appeal "around the first part of August." The circuit court concluded that at the time Ketring-Beuch became aware of the appeal, she still had approximately five weeks before the record had to be filed on September 13, 2004. An attorney must continue to represent a client until relieved by the court. *Thomas v. State*, 335 Ark. 262, 983 S.W.2d 122 (1998). The circuit court further noted that up until September 13, 2004, the circuit court had authority under Ark. R. App. P.—Civ. 5 to hear and grant a motion for an extension of time within which to file the record. While noting the petition for writ of certiorari filed by Ketring-Beuch, the circuit court found that there was sufficient time for Ketring-Beuch to complete the record before the time to file it expired.

On September 2, 2004, eleven days before the time to file the record expired, Ketring-Beuch filed a "Petition for Writ of Certiorari to Complete the Record" in this court. In that petition, Ketring-Beuch sought an extension of time to complete the record and an order that the circuit clerk complete the record. The writ does serve to bring the record of the circuit court to this court so that this court may examine it here. *Huffman v. Ark. Jud. Disc. & Disab. Comm'n*, 344 Ark. 274, 42 S.W.3d 386 (2001). However, review is limited to errors appearing on the face of the record. *Id.* There was no issue of error in the circuit court upon which a petition for certiorari could act, and filing the petition was

a nullity. Ketring-Beuch erred when she filed a petition for a writ of certiorari. She should have sought an extension of time from the circuit court. Rule 5 provides that a circuit court may grant extensions of time to file the record on appeal up to seven months from the date of the entry of judgment. *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003). As the circuit court noted, about five weeks were remaining when counsel was told that a *pro se* notice of appeal had been filed. An attorney is expected to know the law. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (Feb. 12, 2004). Attorney Ketring-Beuch should have filed the record and is at fault. A copy of this opinion will be forwarded to the Committee on Professional Conduct.