SLIP OPINION

Cite as 2014 Ark. 409

# SUPREME COURT OF ARKANSAS

No. CR-14-742

| | |
|---|---|
| ISRAEL TODD WATSON | **Opinion Delivered** October 2, 2014 |
| APPELLANT | MOTION FOR RULE ON CLERK; |
| V. | |
| STATE OF ARKANSAS | REMANDED TO THE CIRCUIT COURT FOR FINDINGS OF FACT ON ATTORNEY ERROR; |
| APPELLEE | CLERK DIRECTED TO ACCEPT APPEAL. |

## PER CURIAM

Israel Todd Watson, by and through his attorney, Darrell F. Brown, has filed a motion for rule on clerk. On September 19, 2013, the circuit court entered a judgment and commitment order. Watson timely filed a notice of appeal on October 2, 2013. On December 18, 2013, the circuit court granted Watson until April 19, 2014, to file the transcript. At that time, although Watson would later be found to be indigent, family members had arranged to pay $3,332.40 for what they believed was the full cost of preparing the record. However, upon attempting to pick up the transcript prior to the deadline for lodging the record, they learned that an additional $2,798.50 was due.

When it became apparent that Watson could secure no more private funds, he successfully petitioned to be declared indigent. Although, pursuant to Arkansas Rule of Appellate Procedure–Criminal 4(c) (2013), Watson's transcript was due no later than May 2, 2014, on April 28, 2014, the circuit court entered an order extending the deadline for filing

the record until August 19, 2014. The motion was untimely under Arkansas Rule of Appellate Procedure–Criminal 4(c), and the circuit court's assigned deadline also did not comport with the rule.

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *Id*. at 116, 146 S.W.3d at 891. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted, and if there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*.

In the matter before us, the motion and record do not plainly reveal whether fault on the part of Thompson's attorney caused the failure to timely file a complete record. Therefore, we direct the clerk to accept the appeal and remand the issue of attorney fault to the circuit court to make findings of fact so that this court may make a decision on attorney error. *Moore v. State*, 359 Ark. 370, 197 S.W.3d 447 (2004).

Remanded.