2009 Ark. 209

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,**
Appellant,

v.

**J.D., Appellee.**

**No. 09–254.**

Supreme Court of Arkansas.

April 16, 2009.

Tabitha McNulty, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant, the Arkansas Department of Human Services (DHS), by and through its attorney, Tabitha McNulty, has filed a motion for rule on clerk. The circuit court entered its final order in this case on September 4, 2008; DHS filed a timely notice of appeal on October 2, 2008. Thus, the record would have been due to be filed with this court on December 31, 2008. On December 8, 2008, DHS filed a motion for extension of time to lodge the record. The circuit court granted that motion in an order dated December 17, 2008, finding that the court reporter was scheduled to undergo surgery and would be unable to complete the record before December 31, 2008. The court's order gave DHS until March 6, 2009, to lodge the record.

DHS tendered the record to the clerk's office on March 5, 2009. However, the clerk refused to accept the record because the order granting the extension of time failed to comply with Ark. R.App. P.-Civ. 5(b)(1), which provides as follows:

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal.

In this case, the court's order states only that the court reporter would be unable to complete the record and that the extension of time would be granted; it contains none of the other findings required by Rule 5(b). This court has held that we expect strict compliance with the requirements of Rule 5(b) and that we do not view the granting of an extension as a mere formality. *See Charles R. Griffith Farms, Inc. v. Grauman*, 373 Ark. 410, 284 S.W.3d 68 (2008) (per curiam); *Lancaster v. Carter*, 372 Ark. 181, 271 S.W.3d 522 (2008) (per curiam). Where an order fails to comply with Rule 5(b), we may remand the matter to the circuit court for compliance with the rule. *See Grauman, supra.*

Upon a remand for compliance with Rule 5(b)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. *Id.* The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. *Id.* Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court. *Id.*

Because the order of extension in this case makes no reference to each of the

findings of the circuit court required by the rule, and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 5(b)(1).

GUNTER, J., concurs.

JIM GUNTER, Justice, concurring.

While I agree that our rules require the decision reached by the majority, I write because it is time to rethink Rule 5(b)(1)(C) of the Arkansas Rules of Appellate Procedure–Civil.

Article 2, section 13 of the Arkansas Constitution states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

In this case, we are requiring strict compliance with a rule when neither litigant has objected. We ask for an order from the circuit court stating that, at a minimum, the parties have had an opportunity to be heard. However, the parties have little to do with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to complete the transcript on time, why extend the time by requiring extra work not requested by either party? And why cause needless attorneys' fees? Moreover, when the court reporter is unavailable due to surgery, as in the case at bar, what do we expect either side to say? Will a party insist that the work be completed from the hospital bed?

The facts here point to a system that, to say the least, is not user-friendly. Therefore, I suggest a review of our rule with a view to practicality balanced against the standard of our constitution, which promises "justice freely" and "without delay."