Cite as 2021 Ark. App. 40

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-19-858

| | | |
|---|---|---|
| DAVID KINDER | | **Opinion Delivered** February 3, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60DR-17-2887] |
| WENDY KINDER | | |
| | APPELLEE | |
| | | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | REMANDED |

## BRANDON J. HARRISON, Chief Judge

On 3 October 2019, David Kinder moved the circuit court to extend the deadline to file the record on appeal. The court entered an order the next day that stated the following:

> 1. That personal and subject matter jurisdiction are appropriate with this Court. Venue is appropriate with this Court.
>
> 2. The Court finds that there is good cause to extend the time to lodge the record on appeal with the Clerk of the Courts for an additional 30-days following the expiration of the previous 90-day deadline.

The problem with this order is that is does not comply with Ark. R. App. P.–Civ. 5(b) (2020).

The circuit court "may extend the time for filing the record *only if it makes* the following findings:"

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
>
> (B) The time to file the record on appeal has not yet expired;
>
> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

Ark. R. App. P.–Civ. 5(b) (emphasis added).

The court's order in this case does not comply with Rule 5(b) because it does not include the mandatory findings. The "granting of an extension is not a mere formality, and strict compliance with the requirements of Rule 5(b) is necessary." David Newbern, John J. Watkins & D.P. Marshall Jr., *2 Arkansas Civil Practice & Procedure* § 40:5 (5th ed.) (June 2020 update) (footnote omitted), *available at* Westlaw ARCPP. No party has raised the issue, but the timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal. *Rose Care, Inc. v. Jones*, 355 Ark. 682, 687, 144 S.W.3d 738, 741 (2004). And this court is obligated to ensure that it has jurisdiction before it may act. That is why we routinely review notices of appeal and decide whether orders are appealable under the rules. *Id.* *See also Ellis v. Ark. St. Hwy. Comm'n*, 2010 Ark. 196, at 4, 363 S.W.3d 321, 324 ("While neither party raises the issue, the timely filing of a notice of appeal is a jurisdictional issue this court is obligated to raise sua sponte."); *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003) ("Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question which the court will raise *sua sponte*.").

A proper Rule 5(b) order is required in this case because Kinder filed the appeal record on 7 November 2019, which was more than ninety days from date that he filed the first notice of appeal. *See* Ark. R. App. P.–Civ. 5(a). Because Kinder filed the record more than ninety days after his first notice of appeal was filed in circuit court, and the court's order enlarging the

2

time to file the record does not comply with Rule 5(b), we cannot confirm our jurisdiction. That is the bad news.

The good news, however, is that a remedy is potentially available to Kinder. When an order extending the time to file the record does not comply with Rule 5(b), our supreme court has permitted a circuit court on remand to "determine whether the rule was complied with at the time the original motion for extension of time was filed and granted." *Spurlock v. Riddell*, 373 Ark. 38, 40, 280 S.W.3d 18, 19 (2008). In *Spurlock*, the supreme court instructed that the circuit court "should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion." *Id.*

We remand the case to the circuit court so that it may determine whether the record—as it existed on 4 October 2019—properly supported Kinder's motion for an extension and the court's related order.

Remanded.

KLAPPENBACH and BARRETT, JJ., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Tammy B. Gattis*, for appellant.

*Dover Dixon Horne PLLC*, by: *Adrienne M. Griffis*, for appellee.