Cite as 2022 Ark. App. 39

# ARKANSAS COURT OF APPEALS
## DIVISIONS III & IV
### No. CV-19-858

| | |
|---|---|
| DAVID KINDER<br><br>APPELLANT<br><br>V.<br><br>WENDY KINDER<br><br>APPELLEE | **Opinion Delivered** February 2, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION<br>[NO. 60DR-17-2887]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>APPEAL DISMISSED WITH PREJUDICE |

**BRANDON J. HARRISON, Chief Judge**

In February 2021, we remanded this case to the Pulaski County Circuit Court so it could determine whether David Kinder properly moved to extend the deadline to file the record on appeal pursuant to Ark. R. App. P.–Civ. 5(b)(1). *Kinder v. Kinder*, 2021 Ark. App. 40, 617 S.W.3d 307.

In October 2021, David moved to supplement the record with an order the circuit court entered in July 2021 pursuant to our prior opinion. When David moved this court to supplement the record, he also moved to "recall [the] remand." We granted the motion to supplement; we denied the motion to recall.

In November 2021, Wendy moved to dismiss this appeal; that motion was submitted with this case. Having heard from the circuit court on remand, we now grant Wendy's motion and dismiss the appeal with prejudice due to a Rule 5 violation.

Arkansas Rule of Appellate Procedure–Civil 5(a) states that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided." David filed the first notice of appeal on 11 July 2019. That means he had to file the appeal record with this court's clerk on or before 9 October 2019. The record was filed on 7 November 2019. Consequently, David did not timely perfect his appeal—unless the circuit court properly extended the original ninety-day deadline under Rule 5(b) in the first place. The sole purpose of our prior opinion was to get more information on whether the applicable deadline was properly extended.

Here is the governing rule of appellate procedure, which provides:

(b) *Extension of Time*.

(1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

(A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

(B) The time to file the record on appeal has not yet expired;

(C) *All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;*

(D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

(E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

Ark. R. App. P.–Civ. 5(b) (second emphasis added).

And here is the July 27 order on remand that the circuit court supplied:

ORDER ON REMAND

On April 16, 2021 the Court held a hearing regarding the issues raised in the February 3, 2021 Court of Appeals Opinion in CV-19-858. The parties appeared through their respective attorneys, Adrienne Griffis and Tammy Gattis, and Cynthia Moody appeared as attorney ad litem on behalf of the minor child. The Court being well advised to all relevant facts and matters of law, orders as follows:

1. That personal and subject matter jurisdiction are appropriate with this Court. Venue is appropriate with this Court.

2. On February 3, 2021, the Arkansas Court of Appeals, in CV-19-858, remanded the appeal of this matter to the Circuit Court to determine if Ark R. App. P.–Civ 5(b) was complied with regarding October 3, 2019, Motion to Extend Time to Lodge Record on Appeal.

3. The Court hereby finds that the Defendant complied with Ark R. App. P.–Civ. 5(b)(1)(A), (B), (D), and (E) to properly extend the deadline to file the record on appeal.

4. Regarding Ark R. App. P.–Civ 5(b)(1)(C), the Court finds that all parties did not have the opportunity to be heard on the motion because Defendant's Motion to Extend Time to Lodge Record on Appeal was filed on October 3, 2019 at 4:15 p.m. and the Order to Extend Time was entered on October 4, 2019 at 9:26 a.m. However, Plaintiff's counsel advised the Court that she would not have objected to the extension of time if she had the opportunity to respond to the motion.

IT IS SO ORDERED.

Wendy's motion to dismiss argues that David failed to strictly comply with subsection (b)(1)(C) of Rule 5 when the original motion to extend was granted. As to that subsection, the circuit court specifically found on remand that "all parties did not have the opportunity to be heard on the motion because Defendant's Motion to Extend Time to Lodge Record

3

on Appeal was filed on October 3, 2019 at 4:15 p.m.[1] and the Order to Extend Time was entered on October 4, 2019 at 9:26 a.m." Some twenty-eight hours and fourteen minutes elapsed between the filing of David's motion for an extension of time and the circuit court's order that granted it.

Is twenty-eight hours enough time for a party to respond to a motion to extend the time to file a record? No prior caselaw from this court or the supreme court specifically decides the question. Today, however, we hold that this amount of time does not give the responding party sufficient opportunity to be heard on a Rule 5(b)(1) motion. Consequently, we cannot say that the circuit court erred when it found on remand that Wendy *was not* given a sufficient opportunity to respond to the motion for an extension before the order was entered. *Cf. Ashley v. Ashley*, 2016 Ark. 161, 489 S.W.3d 660 (Ark. R. Civ. P. 6's response-time-calculation method does not apply to Ark. R. App. P.–Civ. 5; but ten calendar days was enough time to respond; and no court order had been entered after one day's time).

The sticking points are primarily twofold. First, the circuit court specifically found that Wendy was not given the opportunity to be heard on David's motion. The court plainly said so in paragraph 4 of its remand order. David says that Wendy was notified of the motion when it was filed through the electronic-filing system the morning of October 3, and the court order was not entered until more than one day later. So, David argues, Wendy had an opportunity to respond in writing or at a hearing before the order was

---

[1]The reference to 4:15 p.m. in the order appears to be a scrivener's error. David's attorney filed the motion at 5:12 a.m. on October 3.

4

entered. We disagree that most practicing attorneys or circuit courts would hold that twenty-eight hours equates to "an opportunity to be heard" in writing on a matter this important and while relying solely on the e-filing system. Nor is this time sufficient to schedule and hold a hearing for purposes of Rule 5.

Wendy does not dispute that she was electronically notified on October 3 that the motion had been filed. Wendy did not file a written response to David's motion, and the circuit court did not hold a hearing (of any sort) before an order was entered. Also, neither David nor Wendy asked the court to reconsider its order after it was entered on October 4. Wendy seems to concede at times that she would not have objected had she had the time to respond. That said, she has clearly moved this court to dismiss the appeal under Rule 5.

The second sticking point is that we are required by our supreme court's strict application and interpretation of Rule 5 to dismiss this appeal. Although the supreme court has replaced its once strict-compliance standard with a substantial-compliance standard in some rules (for example, Ark. R. App. P.–Civ. 3 (notice of appeal) and Ark. R. Civ. P. 4(k) (service of process)), that change has yet to come to Ark. R. App. P.–Civ. 5.

That Rule 5 must be strictly complied with is nothing new. For example, nearly two decades ago, in *Rose Care, Inc. v. Jones*, 355 Ark. 682, 144 S.W.3d 738 (2004), it was undisputed that Rose Care did not move for extension of time to file the record on appeal or give notice to the appellee before the circuit court entered an order that extended the time to file the record. The appellee moved to dismiss in the supreme court because the circuit court order extending the time to file the record did not strictly comply with Ark. R. App. P.–Civ. 5(b). In response, Rose Care argued that

(1) the extension was "unquestionably necessary" because the court reporter could not complete the transcript; (2) the appellee did not have any grounds for objecting to the extension and did not, even after the fact, object to the court order extending the time to appeal; and (3) the appellee suffered no prejudice from the extension.

*Rose Care*, 355 Ark. at 686–87, 144 S.W.3d at 740.

The supreme court rejected these arguments and dismissed Rose Care's appeal, stating:

> [W]e have made it exceedingly clear to the bench and bar that we expect strict compliance with the requirements of Rule 5(b), and that we do not view the granting of extensions as mere formality. . . . The arguments offered by Appellant, *i.e.*, that the reason for the extension was obvious and that Appellee suffered no prejudice, do not justify dispensing with the clear requirements of the rule. *Strict compliance is strict compliance.*

> We thus hold that Appellant failed to strictly comply with the requirements for obtaining an extension of the time to lodge the record on appeal.

*Id.* at 687, 144 S.W.3d at 740–41 (emphasis added) (citations omitted).

In fact, the supreme court applied a strict-compliance standard and dismissed an appeal under Rule 5 less than two months ago. *See Medicanna, LLC v. Ark. Dep't of Fin. & Admin.*, 2021 Ark. 227 (appeal dismissed for lack of strict compliance with Rule 5).

Here, we cannot say that Rule 5 was strictly followed. The circuit court ruled that Wendy did not receive an opportunity to be heard before the order was entered on 4 October 2019. As the moving party requesting an extension of time, it was David's responsibility to mind the calendar and steer the case in a way that all the jurisdictional rules could be complied with. Scores of situations not unlike this one are successfully managed each year. It is, in other words, an entirely avoidable situation. Rule 5 oversights are the exception, not the rule.

6

Under a strict-compliance standard, it does not matter that Wendy would not have objected to the extension if she had the opportunity to respond. As we have said, David bears the responsibility to provide Wendy a sufficient opportunity to respond to a motion for an extension under Rule 5. And he has the ultimate responsibility to timely transmit the record from the clerk of the circuit court to this court's clerk. *Mosby v. Office of Prof'l Conduct*, 356 Ark. 500, 501, 156 S.W.3d 253, 254 (2004) ("It is the duty of counsel, not the judge, the clerk, or court reporter, to perfect an appeal."); *see also* Ark. R. App. P.–Civ. 7(c) (2021). To hold otherwise puts the onus on circuit courts to ensure Rule 5 compliance. But that is not the procedural law right now.

★ ★ ★

David Kinder failed to strictly comply with Ark. R. App. P.–Civ. 5(b)(1)(C), which means the record on appeal was late, so we must dismiss this appeal with prejudice.

Appeal dismissed with prejudice.

ABRAMSON, KLAPPENBACH, and BROWN, JJ., agree.

BARRETT and HIXSON, JJ., dissent.

**KENNETH S. HIXSON, Judge, dissenting**. This appeal and accompanying motion to dismiss interprets the rule regarding the extension of time to file the record on appeal. Arkansas Rule of Appellate Procedure–Civil 5(a) provides that the appellant may extend the time for filing the record on appeal provided the order is entered before the ninetieth day after the filing of the notice of appeal. Obviously, this rule is for the benefit of a court reporter who cannot complete the preparation of the record on appeal within the ninety-day period. Here, because the record contained 2,656 pages in nine volumes, the court

reporter could not complete the record within the required ninety-day window. The court reporter requested that appellant obtain an extension. So, on the eighty-fourth day, as requested by the court reporter, appellant e-filed and served a motion to extend the time to file the record. The appellee's attorney reviewed the motion and determined she did not object to the extension of time and therefore did not respond to the motion. The following day, the circuit court signed and filed the order to extend the time. The majority holds that the appellee did not have the opportunity to be heard on the motion as contemplated by Rule 5(b)(1)(C) *and dismissed the appeal with prejudice.* While it may be oversimplistic, I ask: What did the appellant's attorney do wrong? What rule did he violate to justify the imposition of such a harsh and punitive penalty? I disagree with the majority, and I respectfully dissent.

This is a highly contentious divorce case between appellant David Kinder and appellee Wendy Kinder. Wendy claimed that David had perpetrated a pattern of physical and emotional abuse against her during the marriage. David, on the other hand, claimed that he had not been abusive to Wendy and that Wendy had habitually lied about the alleged abuse. The amended divorce decree entered on June 13, 2019, awarded custody of the minor child, A.K., to Wendy subject to David's restricted visitation; ordered David to pay child support and alimony; and divided the parties' property and debts. David timely appealed, citing several substantive points on appeal.

David filed a timely notice of appeal on July 11, 2019, which resulted in the record on appeal being due on October 9, 2019, the ninetieth day. (*See* Ark. R. App. P.–Civ. 5(a)). As the ninety-day deadline approached, the court reporter contacted David's attorney and advised the attorney that she could not timely complete the record, and she requested

8

a thirty-day extension. As a courtesy to the court reporter, on October 3, 2019 (the eighty-fourth day), at 5:12 a.m., the appellant filed a motion to extend the time to file the record on appeal.[1] The attorney apparently delivered a proposed order extending the time to the circuit judge.[2] The motion contained a certificate of service indicating e-service on the appellee's attorney. Appellee's attorney received and reviewed the motion and determined that she had no objection to the extension of time and therefore did not file a response to the motion.

Unknown to, and certainly not within the control of, the parties, the circuit judge signed the proposed order and filed the order granting the motion the following morning, October 4, 2019 (eighty-fifth day), at 9:26 a.m.[3] The order was e-filed by the court and served on the parties' attorneys by the e-flex system. The order extended the time for filing the record by thirty days. Thereafter, the court reporter completed the comprehensive nine-volume record and it was timely filed within the time parameter of the order of extension. The appeal proceeded, and briefs were filed in the court of appeals. After the case was initially submitted to our court, the court of appeals noticed that the order extending the time to file the record on appeal did not technically comply with Rule 5(b)(1), which provides in pertinent part that the circuit court "may extend the time for filing the

---

[1]The motion contains an electronic file-stamp indicating it was received and filed by the circuit clerk on October 3, 2019 (eighty-fourth day), at 5:12 a.m.

[2]The record does not contain any information on the manner in which the proposed order was delivered to the circuit judge.

[3]Kudos to the circuit judge for paying attention to her docket and promptly signing and filing a proposed order. By rule, the order must be entered by the ninetieth day.

record only if it makes . . . [certain] findings." The court of appeals in *Kinder I*[4] remanded the case to the circuit court for findings as contemplated by Rule 5(b)(1).

The circuit court held a hearing on remand to determine whether the order complied with Rule 5(b)(1). The circuit court subsequently entered an order (the Order on Remand), which states that the motion for extension complied with subsections (A), (B), (D) and (E) of Rule 5(b)(1), and the order contains the following language regarding subsection (C):

> 4. Regarding . . . (C), the Court finds that all parties did *not* have the opportunity to be heard on the motion because the Defendant's Motion to Extend Time to Lodge Record on Appeal was filed on October 3, 2019 at 4:15 p.m.,[5] and the Order to Extend Time was entered on October 4, 2019 at 9:26 a.m. *However, [appellee's] counsel advised the Court that she would not have objected to the extension of time if she had the opportunity to respond to the motion.*

(Emphasis added.)

After the circuit court entered the Order on Remand, the parties filed various motions and responses in the court of appeals. In a response filed by appellee, appellee's attorney stated the following:

> "Appellee admits . . . that Appellant filed a motion to extend his time to file the record and that an order granting his request was entered less than 24 hours later; that Appellee's counsel was electronically served with the motion; *that, after reviewing the motion, Appellee did not have an objection to same*; that Appellee did not request the order to be set aside. . . ."

(Emphasis added.)

---

[4]*See Kinder v. Kinder*, 2021 Ark. App. 40, 617 S.W.3d 307.

[5]It is unclear from the record how the circuit court determined the motion was filed at 4:15 p.m. The electronic date/time stamp affixed by the circuit court's office indicates the motion was filed at 5:12 a.m.

The record on appeal was subsequently supplemented with the Order on Remand. Armed with the contents of paragraph 4 of the Order on Remand, the appellee filed a motion to dismiss[6] the appeal with prejudice in the court of appeals, alleging that the appellant did not strictly comply with Rule 5(b)(1)(C), which provides in pertinent part that court may extend the time to file the record only if "all parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing." The majority holds that because the circuit court made the finding that "all parties did not have the opportunity to be heard on the motion," that finding constitutes a per se violation of Rule 5(b)(1), and the case must be dismissed with prejudice. I disagree for two separate reasons.

First, I believe the circuit court erred in finding that the appellee did not have the opportunity to be heard; and second, assuming arguendo that the appellee did not have the opportunity to be heard, the appellee did not demonstrate that she would have been better served if her opportunity to be heard was longer.

*The Circuit Court Erred in Finding that the Appellee*
*Did Not Have the Opportunity to be Heard*

What does "the opportunity to be heard" mean as set forth in Rule 5(b)(1)(C)? While this is a nebulous and ambiguous phrase, what we do know is the there is no specific time period that constitutes "the opportunity to be heard."[7]

---

[6]This motion to dismiss was passed to the panel and is the subject of the majority's dismissal of the appeal with prejudice.

[7]I agree that there must be strict compliance with Rule 5. I further agree that one must strictly comply with the general requirement of Rule 5(b) in that the order to extend must be entered on or before the ninetieth day. A date certain is subject to strict compliance. However, in my opinion, the phrase "opportunity to be heard" in subsection (C) is inherently incapable of being strictly construed.

In *Ashley v. Ashley*, 2016 Ark. 161, 489 S.W.3d 660, the appellee argued that the ten-day motion response period set forth in Ark. R. Civ. P. 6(c) applies to Rule 5(b)(1)(C) and that because the motion to extend the filing of the record did not give appellee ten days to respond under the requirements of Rule 6,[8] the appellee did not have the opportunity to heard on the motion. In specifically rejecting this argument, the *Ashley* court wrote:

> *We note, however, that the rule does not provide an express time period in which a party must have an opportunity to be heard.* Rather, the rule provides that the motion and order must be filed before the time has expired for lodging the record on appeal. Ark. R. App. P.–Civ. 5(b)(1)(B). *Thus, we do not read into Rule 5(b) the time limitations imposed by the Arkansas Rules of Civil Procedure.* Thus, *the Ashleys had an opportunity to be heard*, and they did not demonstrate how they might have been better served if their opportunity in which to be heard was longer.

*Ashley*, 2016 Ark. 161, at 5, 489 S.W.3d at 664 (emphasis added).

The *Ashley* court made it abundantly clear that there is no express time period in which a party has an opportunity to be heard under Rule 5(b)(1)(B). So, with that ambiguous standard in mind, recall the sequence of events in the instant case. The order must be entered on or before the ninetieth day, or appellate jurisdiction is certainly lost. The court reporter requested an extension of time. On the eighty-fourth day, the appellant filed a motion for an extension of time and delivered a proposed order to the court. When appellant filed the motion, the appellee had six days to be heard prior to the expiration on the ninety-day deadline. In *Ashley*, the appellee had eleven days to be heard. Without an express time period provided in the rule—again—what is that opportunity? The majority opinion posits: "Is 28 hours enough time for a party to respond to a motion to extend the

---

[8]The appellee noted that Rule 6, if applied, excluded weekends from the computation and also added three days because the extension motion was served electronically.

time to file the record?" I submit that is an unfair and inaccurate representation of the sequence of events. When the appellant filed his motion to extend the time for filing on the eighty-fourth day, the appellee had six days to respond; not twenty-eight hours. Surely, we are not going to blame the court reporter for requesting the extension on or about the eighty-fourth day? And surely, we are not going to blame the circuit judge for paying attention to her docket and promptly signing a proposed order that had a fatal deadline looming only five days away? And surely, we cannot blame the appellee because she indicated she did not object to the extension and, in retrospect, would not have objected to the extension? So, I ask again: where is the fatal violation by the appellant's attorney? He filed his motion with six days to spare. Here, the appellee did have the opportunity to be heard. She received, reviewed, and considered the motion and determined that she did not object to the extension. There is no requirement that appellee must file a response and say: "No, I do not object." She made her considered determination that she did not object to the extension before the order was entered and certainly before the ninety-day window closed. In my opinion, the circuit court erred in finding that the appellee did not have the opportunity to be heard.

*Assuming Arguendo that Appellee Did Not Have the Opportunity to be Heard, the Appellee Failed to Demonstrate How She Might Have Been Better Served if Her Opportunity in Which to be Heard Was Longer*

There is an interesting pertinent concurrence by Justice Gunter in an earlier supreme court case. In *Arkansas Department of Human Services v. J.D.*, 2009 Ark. 209, 307 S.W.3d 585, which was remanded to the circuit court for compliance with Rule 5(b)(1), Justice Gunter wrote this in his concurring opinion:

In this case, we are requiring strict compliance with a rule when neither litigant has objected. We ask for an order from the circuit court stating that, at a minimum, the parties have had an opportunity to be heard. However, the parties have little to do with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to complete the transcript on time, why extend the time by requiring extra work not requested by either party? And why cause needless attorneys' fees? Moreover, when the court reporter is unavailable due to surgery, as in the case at bar, what do we expect either side to say? Will a party insist that the work be completed from the hospital bed?

The facts here point to a system that, to say the least, is not user-friendly. Therefore, I suggest a review of our rule with a view to practicality balanced against the standard of our constitution, which promises "justice freely" and "without delay."

*J.D.*, 2009 Ark. 209, at 4, 307 S.W.3d at 587 (Gunter, J., concurring).

While in *J.D.*, the court reporter was apparently ill and could not timely complete the record, in the case at bar, the record contained 2,656 pages and nine volumes, and the court reporter simply needed more time to complete the record because she was unable to comply with the ninety-day window. While it appears that the supreme court has not specifically reviewed Rule 5 as suggested by Justice Gunter in 2009, in 2016 the supreme court did subsequently hand down the *Ashley* opinion. A fair and objective reading of *Ashley* reveals that the supreme court did add qualifying language to the interpretation of Ark. R. App. P.–Civ. 5(b)(1)(C). In *Ashley*, after the supreme court determined that the Ashleys did have the opportunity to be heard and denied the motion to dismiss, the court added the additional qualifier: "[A]*nd they did not demonstrate how they might have been better served if their opportunity in which to be heard was longer.*" 2016 Ark. 161, at 4, 489 S.W.3d at 664 (emphasis added). One has to presume the supreme court language meant something. *See United States v. Sambro*, 454 F.2d 918 (D.C. Cir. 1971). What does a "demonstration of

14

how they would have been better served" mean? I would suggest that the supreme court inserted the element of prejudice. Not only must appellee have an opportunity to be heard, but appellee must show how it could have benefited from that opportunity. It is not uncommon to require a showing of prejudice even where there has been a technical violation of a rule. *See Smith v. State*, 307 Ark. 223, 818 S.W.2d 945 (1991) (stating that court proceedings should not be disturbed because of a technical error or rule violation that resulted in no prejudice); *see also Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442 (stating that the Arkansas Supreme Court has, to some degree, moved away from hypertechnical rules that arguably restrict access to the courts and deny parties decisions on the merits of their legal disputes). That additional language in *Ashley*, in my opinion, inserts the requirement of prejudice into the showing of a lack of opportunity to be heard before an appeal can be dismissed in this situation. Actually . . . it inserts reasonableness into the rule.

This additional phrase goes to the heart of Justice Gunter's concurrence where he said:

> However, the parties have little to do with the real problem, that is, the court reporter's time. Under our current rule, when the court reporter needs more time to finish the transcript, we interrupt the work of completing the transcript in order to have a hearing to determine whether to authorize more time for completion of the transcript. When the court reporter is unable to complete the transcript on time, why extend the time by requiring extra work not requested by either party?"

*J.D.*, 2009 Ark. 209, at 4, 307 S.W.3d at 587 (Gunter, J., concurring). By adding the qualifier "*and they did not demonstrate how they might have been better served if their opportunity in which to be heard was longer*," the *Ashley* decision requires the appellee to offer some reason (i.e., show prejudice) why the circuit court should not give her court reporter more time. In fact, there is no reason. There is no way for the appellee to show how she would have

15

been better served with more time. Do we remotely expect a circuit judge to deny HER own court reporter more time to complete HER record? Here, the appellee candidly admits she did not object to the extension, nor would she have objected if she had a longer opportunity to be heard.

The majority would have us read the first sentence of paragraph 4 of the order in a vacuum and stop: "[T]he Court finds that all parties did not have the opportunity to be heard on the motion because the Defendant's Motion to Extend Time to Lodge Record on Appeal was filed on October 3, 2019 at 4:15 p.m., and the Order to Extend Time was entered on October 4, 2019 at 9:26 a.m. . . ." However, this interpretation ignores the very next sentence in paragraph 4, which provides: "*However, [appellee's] counsel advised the Court that she would not have objected to the extension of time if she had the opportunity to respond to the motion.*" In my opinion, this second sentence in paragraph 4 qualifies the first sentence and is consistent with, and is in fact required by, *Ashley*. The *Ashley* court added, "[A]*nd they did not demonstrate how they might have been better served if their opportunity in which to be heard was longer.*" 2016 Ark. 161, at 5, 489 S.W.3d at 664 (emphasis added). When the circuit court herein added the last sentence in paragraph 4 and stated: "[*Appellee's*] *counsel advised the Court that she would not have objected to the extension of time if she had the opportunity to respond to the motion,*" it effectively found that appellee did not demonstrate how she might have been better served if her opportunity to be heard was longer as contemplated by *Ashley*.

*Conclusion*

I submit that the application of the majority opinion will produce even more chaos and confusion in many appeals where the court reporter determines late in the ninety-day window that the record on appeal cannot be timely completed. Can the appellant file a

motion to extend?  Should the appellant file a motion to extend?  Should an appellee not respond to the motion and wait behind the lick log and later file a motion to dismiss with the appellate court alleging it was not given an opportunity to be heard below?  Are we encouraging appellants to file partial records and request relief from the appellate court?  In short, this decision will likely cause more appeals to be summarily dismissed without a consideration of the merits.  Here, David Kinder is not just a number, a party, an appellant, or some abstract thing.  He is a person.  He is a father fighting for what he believes is in the best interest of his child.[9]  So, I will conclude with my original question: What did the appellant's attorney do so wrong that could possibly summarily deprive David Kinder of his day in this appellate court?

I would deny the appellee's motion to dismiss.[10]

BARRETT, J., joins in this dissent.

*Owings Law Firm*, by: *Steven A. Owings* and *Tammy B. Gattis*, for appellant.

*Dover Dixon Horne PLLC*, by: *Adrienne M. Griffis*, for appellee.

---

[9]In making this statement, I am not making any comment on the merits of David Kinder's arguments on appeal.  In fact, we have not reached his arguments.

[10]For purposes of transparency, there may be an issue of finality in the orders that were appealed.  However, in *Sloan v. Arkansas Rural Medical Practice Loan & Scholarship Board*, 369 Ark. 442, 255 S.W.3d 834 (2007), the supreme court held that the issue of whether an order is final and appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2 is *always secondary* to whether a timely notice of appeal and record have been filed under Arkansas Rules of Appellate Procedure–Civil 4 and 5.