Cite as 2022 Ark. App. 173

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-21-323

| | |
|---|---|
| KEITH DIXON | Opinion Delivered April 20, 2022 |
| APPELLANT | |
| | APPEAL FROM THE FAULKNER |
| V. | COUNTY CIRCUIT COURT |
| | [NOS. 23DR-20-938 & 23DR-20-939] |
| HOLLY DIXON AND TYLER VAN DYKE | |
| APPELLEES | HONORABLE H.G. FOSTER, JUDGE |
| | REMANDED |

## RITA W. GRUBER, Judge

Keith Dixon filed this appeal from the Faulkner County Circuit Court's entry of two final orders of protection in favor of his estranged wife and daughter. Because we cannot confirm our jurisdiction over the appeal, we must remand to the circuit court.

The circuit court entered two final orders of protection—one in favor of Holly Dixon and one in favor of Tyler Van Dyke—on December 17, 2020. Dr. Dixon filed a timely notice of appeal in each case on January 14, 2021. Thus, pursuant to Ark. R. App. P.–Civ. 5(a), the record would have been due to be filed with this court ninety days later, on April 14, 2021. Dr. Dixon did not meet this deadline; rather, on March 10, 2021, he moved for an extension of time to lodge the record, which the court granted in an order entered March 15, 2021, stating as follows: "NOW on this day upon petition of the Respondent for an extension of time to lodge the transcript in this case until July 14, 2021, based upon the reasons set forth

by the Respondent, the Court finds that said petition should be granted." The order contains no other findings. Dr. Dixon lodged the record in this court on July 12, 2021.

Although no party has raised the issue, timely filing of the record on appeal is a jurisdictional requirement to perfecting an appeal, which we may raise sua sponte. *Kinder v. Kinder*, 2021 Ark. App. 40, at 2, 617 S.W.3d 307, 308 (citing *Rose Care, Inc. v. Jones*, 355 Ark. 682, 687, 144 S.W.3d 738, 741 (2004)). We are obligated to ensure that we have jurisdiction before we may act. *Kinder*, 2021 Ark. App. 40, at 2, 617 S.W.3d at 308.

Rule 5 of the Arkansas Rules of Appellate Procedure–Civil governs the time for filing the record on appeal. It provides in pertinent part as follows:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:

> (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;

> (B) The time to file the record on appeal has not yet expired;

> (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding in writing;

> (D) The appellant, in compliance with Rule 6(b), has timely ordered the stenographically reported material from the court reporter and made any financial arrangements required for its preparation; and

> (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

Ark. R. App. P.–Civ. 5(b)(1) (2021).

2

The circuit court's order granting Dr. Dixon's petition for extension of time provides only that it was granted "based upon the reasons set forth by the Respondent." The court made no findings as required by Rule 5. Our supreme court requires strict compliance with the requirements of Rule 5(b) and has held that the granting of an extension is not "a mere formality." *Ark. Dep't of Hum. Servs. v. J.D.*, 2009 Ark. 209, at 2, 307 S.W.3d 585, 586.

Accordingly, we must remand the matter to the circuit court for compliance with Rule 5(b)(1).

Remanded.

HARRISON, C.J., and ABRAMSON, J., agree.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabeth Branscum Burgess*, for appellant.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellees.