Cite as 2022 Ark. App. 445

# ARKANSAS COURT OF APPEALS

**No.** CV-22-600

| | |
|---|---|
| JEREMY COOK AND RONNIE HEDGE<br>APPELLANTS<br><br>V.<br><br>THE MOST WORSHIPFUL LODGE,<br>FREE AND ACCEPTED MASONS OF<br>THE STATE OF ARKANSAS, AND ITS<br>MASONIC JURISDICTION (GRAND<br>LODGE); CARL E. NELSON; ROBERT<br>L. JACKSON; BOYD FREEMAN;<br>SAMUEL D. LATTIN; GEORGE K.<br>COFFMAN (DECEASED); ARNOLD G.<br>HODGE; CHARLES H. FERGUSON;<br>MARTIN E. WARREN; BILLY JOE<br>HOLDER; BRADLEY R. PHILLIPS;<br>GEORGE R. FRANKS, JR.; AND CHRIS<br>YOUNG, ALL IN THEIR INDIVIDUAL<br>CAPACITIES AND IN THEIR OFFICIAL<br>CAPACITIES AS OFFICE HOLDERS<br>AND MEMBERS OF THE GRAND<br>LODGE; AND JOHN DOES 1–25<br>APPELLEES | **Opinion Delivered** November 2, 2022<br><br>APPELLEES' MOTION TO DISMISS<br>APPEAL<br>[PULASKI COUNTY CIRCUIT<br>COURT, FIFTH DIVISION<br>[NO. 60CV-19-605]<br><br>HONORABLE WENDELL<br>GRIFFEN, JUDGE<br><br><br>DISSENTING OPINION ON<br>GRANT OF MOTION TO DISMISS<br>APPEAL |

## BRANDON J. HARRISON, Chief Judge

This case ended in circuit court when the circuit judge granted the defendants'
motion to dismiss under Ark. R. Civ. P. 12. I have reviewed the "record pleadings" part
of the record, which was timely filed with this court's clerk. Given the nature of the
pleadings and the procedural posture of the case when it ended in circuit court, there is no

reason to believe that lacking a "short" transcript of a Rule 12(b)(6) hearing will materially impede any party's ability to prosecute or defend this appeal on its merit. Nor do I see any reason why this court would be prevented from understanding what happened in circuit court on the record as is. For example, witness testimony is not usually (if ever) taken during hearings under Rule 12(b)(6). Given the arguments made in this case against the plaintiffs' complaint, I cannot imagine anything new was added to the record. Argument from counsel is, of course, important to receive and archive. But that does not mean that the transcript had to be designated for inclusion in the appeal record. Hearing transcripts are often helpful, and sometimes necessary, when conducting appellate review. But not always. While we may not know exactly what occurred during the hearing, the papers we have leave no reasonable doubt in my mind about what the parties argued at the Rule 12(b)(6) stage; and we have the circuit court's written and detailed ruling. Because I am not persuaded that the omitted transcript is material information to this appeal—it is almost certainly a summary presentation of the parties' ample briefing for, or against, the complaint—I would deny the motion to dismiss this appeal.

I understand the majority's decision to dismiss, citing *Coggins v. Coggins*, 353 Ark. 431, 108 S.W.3d 588 (2003). That case reads as a strong rebuke to an appellant doing what was done here. That said, one cannot help but notice that our supreme court referenced the state of the record in *Coggins* in some detail as it reached its conclusion to dismiss. In my view, the essentially complete record that was timely filed in this court should trigger a briefing schedule so that the parties' merit arguments may begin. To honor *Coggins*'s

2

command, however, the transcript in this case could be deemed "forfeited" because the appellants did not fully exhaust the seven-month period available in circuit court to get the transcript from the court reporter before filing a writ of certiorari in this court. Luckily for the plaintiffs-turned-appellants, the record is otherwise sufficiently developed to decide the issue raised in the notice of appeal.

★   ★   ★

I would deny the appellees' motion to dismiss, deem the hearing transcript forfeited à la *Coggins*, but direct the clerk to issue a briefing schedule forthwith.